653 So.2d 489 (1995)
David B. LANGSTON, Appellant,
v.
Doug JAMERSON, as Commissioner of Education, Appellee.
No. 94-1184.
District Court of Appeal of Florida, First District.
April 13, 1995.
*490 David Brooks Kundin, Tallahassee, for appellant.
J. David Holder, Tallahassee, for appellee.
DAVIS, Judge.
David Langston appeals an order of the Education Practices Commission (EPC) issuing a letter of reprimand and placing him on three years probation (with conditions regarding notice and supervision) as sanctions against his teaching certificate. The EPC concluded Mr. Langston had breached his profession's Code of Ethics. Specifically, the EPC concluded that Mr. Langston had violated Rule 6B-1.006(3)(a) (failing "to protect the students from conditions harmful to learning") and Rule 6B-1.006(3)(e) (intentionally exposing students to unnecessary embarrassment or disparagement). A two day evidentiary hearing was held before a Hearing Officer from the Division of Administrative Hearings, resulting in a recommended order with extensive findings of fact concluding that Mr. Langston committed no violations and recommending that all charges against him be dismissed. The EPC adopted all of the findings of fact exonerating Mr. Langston contained in the recommended order of the hearing officer, but imposed sanctions on Mr. Langston after purportedly rejecting the hearing officer's conclusions of law. We conclude that the agency abused its discretion and reverse.
Mr. Langston was employed by the Gulf County School District at Port St. Joe Junior/Senior High School as an alternative education teacher. His classes were composed of students deemed likely candidates to drop out, with problems such as poor grades and poor attendance. In order to develop a rapport with his students and prevent them from dropping out, Mr. Langston instituted a number of practices in his classroom which might seem unorthodox. For example, Mr. Langston gave his home phone number to students, and called some students by nicknames. It is not necessary to recount all of the facts regarding the charges of misconduct against Mr. Langston because the Hearing Officer found that there was no misconduct and the EPC adopted the Hearing Officer's findings of fact without exception.
Although the EPC adopted all the findings of fact, the EPC then concluded that the facts as found by the Hearing Officer actually constituted acts of misconduct under Rules 6B-1.006(3)(a) and 6B-1.006(3)(e). Generally the construction of a regulation by the agency charged with its enforcement and interpretation is entitled to great deference, but the court need not defer to the agency's construction when that construction amounts to an unreasonable interpretation, or is clearly erroneous as in the present case. Legal Environmental Assistance Foundation, Inc. v. Board of County Commissioners of Brevard County, 642 So.2d 1081, 1083-84 (Fla. 1994). The EPC takes the position that it was not bound by the hearing officer's findings that no students were harmed, embarrassed or felt disparaged because the members of the EPC were entitled to decide that the events which took place in Mr. Langston's classroom had the potential to cause harm, embarrassment or a sense of disparagement, and that the hearing officer therefore misconstrued the application of these two rules. This argument fails to acknowledge *491 that, as to three of the alleged violations, the hearing officer specifically found that there was not only no actual harm, but there was no potential for harm to any student. Furthermore, this argument by the EPC must be rejected because the question whether a particular action constituted a violation of one of these two rules is a factual question to be decided in the context of the alleged violation. See, e.g., Forehand v. School Board of Gulf County, 600 So.2d 1187 (Fla. 1st DCA 1992) (court engaged in factual analysis with regard to the circumstances and manner in which a teacher used a word which the School Board asserted was profane). The question whether the facts, as found in the recommended order and adopted by the EPC, constituted violations of these rules, was a question of ultimate fact which the agency erred in rejecting without adequate explanation. See Holmes v. Turlington, 480 So.2d 150, 153 (Fla. 1st DCA 1985) (whether there was a deviation from the required standard of conduct is not a conclusion of law, it is an ultimate finding of fact within the fact-finding discretion of the hearing officer). The EPC's order must be reversed because it conflicts with the very findings of the hearing officer which the agency affirmatively adopted.
The action of the EPC is inconsistent with this court's opinion in MacMillan v. Nassau County School Board, 629 So.2d 226 (Fla. 1st DCA 1993). In MacMillan, Rule 6B-1.006(3)(e) was described as an aspirational rule, violation of which could only justify suspension of a teaching license if there was factual evidence that the violation was so serious as to impair the teacher's effectiveness in the school system. Id. at 228. Furthermore, the court stated that the context in which the alleged improper statements were made was crucial to a determination whether there had been a violation. Id. at 227-28. In the instant case, the hearing officer reviewed the facts and the context in which the complained of events took place and concluded that there was no violation of these rules. The EPC decided that the facts as found by the hearing officer constituted violations as a matter of law, but this determination was clearly a factual question under MacMillan v. Nassau County School Board and Forehand v. School Board of Gulf County. Thus, the EPC erred in substituting its judgment for that of the hearing officer who was the finder of fact.
Furthermore, one of the two rules the EPC concluded Mr. Langston violated requires a finding that the teacher "intentionally" exposed students to unnecessary embarrassment or disparagement. There can be no violation in the absence of evidence that the teacher made a conscious decision not to comply with the rule. See Jenkins v. State Board of Education, 399 So.2d 103 (Fla. 1st DCA 1981). There was no evidence whatsoever in the record to support such a conclusion regarding Mr. Langston's intent.
For the foregoing reasons, we reverse the order of the EPC, and order the removal of all sanctions against the teaching certificate of Mr. Langston, including the probationary period and all other conditions imposed by the EPC. Nonetheless, we conclude that the actions of the agency were more a product of misunderstanding than a wanton disregard of Mr. Langston's rights. Accordingly, we decline to award Mr. Langston attorney's fees pursuant to section 120.57(1)(b)(10), Florida Statutes (1993) (authorizing an award of attorney's fees, in pertinent part, when "the agency action which precipitated the appeal was a gross abuse of the agency's discretion"). See Forehand v. School Board of Gulf County, 600 So.2d 1187, 1194 (Fla. 1st DCA 1992) (use of the same attorney as prosecutor and legal advisor to the Board, finding the teacher guilty based upon uncorroborated hearsay, and imposing the functional equivalent of a monetary fine, were not gross abuses of discretion justifying an award of attorney's fees, because those errors were "more a product of confusion and misunderstanding than evidencing a reckless or wanton disregard of Forehand's legal rights").
REVERSED.
ALLEN, J., and SMITH, Senior Judge, concur.