PER CURIAM.
The Department of Health and Rehabilitative Services chadenges a final order in which the Commission on Human Relations concluded that the Department had committed an unlawful employment practice by discriminating against employee Yhap on the basis of race. In so doing, the Commission rejected the hearing officer’s recommended order, which found no discriminatory intent, for the reason that the proceedings on which the findings were based did not comply with the essential requirements of law. See § 120.57(l)(b)(10), Fla. Stat. (Supp.1992). The Commission, however, faded to identify any aspect of the proceedings before the hearing officer which faded to comply with the essential requirements of the law; it merely substituted its judgment on credibility matters and the weight of the evidence for that of the hearing officer. This was error. See § 120.57(l)(b)(10), Fla. Stat. (Supp.1992); Southpointe Pharmacy v. Department of Health & Rehab. Servs., 596 So.2d 106 (Fla. 1st DCA 1992); Florida Dep’t of Community Affairs v. Bryant, 586 So.2d 1205 (Fla. 1st DCA 1991); Clay County Sheriffs Office v. Loos, 570 So.2d 394 (Fla. 1st DCA 1990); Tuveson v. Florida Governor’s Council on Indian Affairs, 495 So.2d 790 (Fla. 1st DCA 1986), review denied, 504 So.2d 767 (Fla.1987); Holmes v. Turlington, 480 So.2d 150 (Fla. 1st DCA 1985); Heifetz v. Department of Business Reg., 475 So.2d 1277 (Fla. 1st DCA 1985). And see School Bd. of Leon County v. Hargis, 400 So.2d 103, 107 (Fla. 1st DCA 1981) (“However keen is the Commission’s insight into the subtleties of racial discrimination within predominantly white institutions, we cannot permit the Commission to indulge itself within its own judgmental activity the same sinister habit it is the Commission’s task to uproot from the judgments of others: that of making unartieulated, speculative, and uncomplimentary assumptions about the purposes, motives, and abilities of persons unseen, unheard, and unknown.”).
The order granting relief is reversed and the cause remanded to the Commission with directions that the complaint of discrimination be dismissed.
REVERSED and REMANDED.
BARFIELD, C.J., and ERVIN and DAVIS, JJ., concur.