709 So.2d 607 (1998)
STATE CONTRACTING AND ENGINEERING CORPORATION, Appellant,
v.
DEPARTMENT OF TRANSPORTATION and Gilbert Southern Corporation, Appellees.
No. 97-1768.
District Court of Appeal of Florida, First District.
April 9, 1998.
*608 Brant Hargrove, Tallahassee, for Appellant.
Pamela S. Leslie, General Counsel and Vance W. Kidder of the State of Florida, Department of Transportation, Tallahassee, for Appellees.
PADOVANO, Judge.
The appellant, State Contracting and Engineering Corporation, challenges a final order of the Department of Transportation approving the acceptance of a competitive bid by Gilbert Southern Corporation, for construction work on a state road project. The Department held that Gilbert's bid complied with its requirements for subcontract work by disadvantaged business enterprises. Although the Department rejected a recommended order to the contrary, the final decision was based on an interpretation of an agency rule and not on displaced findings of fact. We conclude that the Department interpreted the rule correctly, and, therefore, we affirm.
In the summer of 1996, the Department solicited bids for the replacement of toll booths on State Road 93, commonly known as Alligator Alley. As with other construction projects, the Department established a goal for participation by disadvantaged business enterprises. For this project, the bids were to include at least four percent participation by African-American subcontractors and at least eight percent by female subcontractors. State Contracting and Gilbert each submitted timely bids matching these required percentages. Other qualified contractors submitted bids, as well. Gilbert's bid was the lowest, at $9,153,215.07, and State Contracting's bid was the second lowest at $9,566,051.25. When the parties completed the submission of their bid documents, the Department announced that it was awarding the contract to Gilbert.
State Contracting filed a formal bid protest on October 2, 1996, contending that Gilbert's disadvantaged business enterprise (DBE) forms failed to meet the minimum requirements set by the agency. Based on the alleged deficiency in the bid forms, State Contracting argued that Gilbert's bid was nonresponsive and that it should have been rejected. The dispute was referred to the Division of Administrative Hearings, and eventually Gilbert was allowed to participate in the proceeding as an intervenor.
The central issue addressed in the hearing was the proper application of rule 14-78, Florida Administrative Code, entitled "Participation by Socially and Economically Disadvantaged Individuals in Department of Transportation Contracts." State Contracting argued that Gilbert did not deserve full credit for the work it had attributed to disadvantaged subcontractors, because some of those subcontractors would be purchasing material and labor from non-qualifying sources. The ultimate point of this argument is that Gilbert's bid did not truly reflect the proper allocation of work to disadvantaged enterprises.
In contrast, the Department maintained that Gilbert's bid was responsive because the DBE Utilization Forms submitted in support of the bid were facially sufficient to meet all of the requirements of the rule. Kenneth Sweet, a specialist in the Department's minority affairs office, testified that the purpose of the DBE Utilization Forms is "to have the contractor commit to a DBE for an amount of money in a general category of work." He explained that the Department considers only the sufficiency of the bid documents at the time of the award, and that the contractor's ability to meet the applicable bid percentages is a compliance issue. Failure to meet the terms of the bid can result in a financial penalty or a loss of the contract, but those issues are not addressed initially when the bid is accepted.
The administrative law judge determined that Gilbert could not meet the required level of participation by disadvantaged business *609 enterprises as represented in its bid forms. The judge concluded that the Department's interpretation of rule 14-78 was incorrect, and held that the accuracy of representations in the bid forms could be challenged in a formal bid protest proceeding. Because the evidence showed that some of Gilbert's disadvantaged subcontractors would be obtaining labor and materials from non-qualifying sources, Gilbert was not entitled to full credit for the participation by those subcontractors. When reduced according to this principle, Gilbert's bid fell below the minimum level of participation by disadvantaged business enterprises. Hence, the administrative law judge concluded that the bid should have been rejected.
The Department disagreed with the administrative law judge's conclusions of law in the recommended order and rejected them completely. Instead, the Department found that Gilbert's bid was responsive and therefore was properly accepted, because the DBE Utilization Forms submitted in support of the bid were sufficient to meet all of the requirements of rule 14-78. The Department concluded that the administrative law judge had failed to show that the Department's interpretation of the rule was clearly erroneous, and that the judge had exceeded the scope of his authority in the de novo proceeding by substituting his interpretation of the rule for the agency's interpretation.
A bid protest before a state agency is governed by the Administrative Procedure Act. Section 120.57(3), Florida Statutes, (Supp.1996) provides that if a bid protest involves a disputed issue of material fact, the agency shall refer the matter to the Division of Administrative Hearings.[1] The administrative law judge must then conduct a de novo hearing on the protest. See § 120.57(3)(f), Fla.Stat. (Supp.1996). In this context, the phrase "de novo hearing" is used to describe a form of intra-agency review. The judge may receive evidence, as with any formal hearing under section 120.57(1), but the object of the proceeding is to evaluate the action taken by the agency. See Intercontinental Properties, Inc. v. State Department of Health and Rehabilitative Services, 606 So.2d 380 (Fla. 3d DCA 1992) (interpreting the phrase "de novo hearing" as it was used in bid protest proceedings before the 1996 revision of the Administrative Procedure Act).
The burden is on the party protesting the award of the bid to establish a ground for invalidating the award. If the agency has rejected a competitive bid, as it did in the present case, the administrative law judge must determine "[w]hether the agency's proposed action is contrary to the agency's governing statutes, the agency's rules or polices, or the bid or proposal specifications." § 120.57(3)(f), Fla. Stat. (Supp.1996). This statute also defines the applicable standard of proof for a bid protest involving the rejection of a competitive bid. As explained in the statute, the "standard of proof for such proceedings shall be whether the proposed agency action was clearly erroneous, contrary to competition, arbitrary, or capricious."
Final agency action on a recommended order in a bid protest proceeding is subject to section 120.57(j), Florida Statutes, (Supp.1996). As with other kinds of recommended orders, the agency may reject the administrative law judge's findings of fact only if they are not supported by competent and substantial evidence. See Schrimsher v. School Board of Palm Beach County, 694 So.2d 856 (Fla. 4th DCA 1997); Langston v. Jamerson, 653 So.2d 489 (Fla. 1st DCA 1995); Heifetz v. Department of Business Regulation, Division of Alcoholic Beverages & Tobacco, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985). In contrast, the agency is not required to defer to the administrative law judge on issues of law. Section 120.57(j), Florida Statutes (Supp.1996), states in material part that "[t]he agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules over which it has substantive jurisdiction." See Florida Public Employees Council 79, AFSCME v. Daniels, 646 So.2d 813 (Fla. 1st *610 DCA 1994). Here, the agency rejected the judge's interpretation of a rule.
Rule 14-78.003 lists the requirements for participation by disadvantaged business enterprises in contracts with the Department but it does not state that all of those requirements must be met when a bid is awarded. A contractor must submit a DBE Utilization Form in support of a bid for any contract with the Department. Subsection 14-78(2)(b)3.c. provides:
A DBE Utilization Form will be deemed complete if it lists the prime contractor's name, the project number(s), and the name of the DBE, describes the type of work to be performed by the DBE, states the total amount claimed as credit for the subcontract, and contains the signature of the DBE's representative.
According to the Department, this rule provides an exclusive list of the DBE requirements of a bid. Other subsections of rule 14-78 impose requirements concerning the sources of labor and materials that qualify as a part of the DBE goal, but the rule does not suggest that these requirements must be met at the time the bid is submitted to the agency. As the Department interprets the rule, these requirements are enforced at the time the subcontracts are reviewed.
Section 120.57(1)(j), Florida Statutes (Supp.1996), expressly authorizes the Department to reject the administrative law judge's "interpretation of rules over which [the agency] has substantive jurisdiction." The courts must also defer to the expertise of an agency in interpreting its rules. As the supreme court explained in Pan American World Airways, Inc. v. Florida Public Service Commission, 427 So.2d 716, 719 (Fla.1983):
We have long recognized that the administrative construction of a statute by an agency or body responsible for the statute's administration is entitled to great weight and should not be overturned unless clearly erroneous. The same deference has been accorded to rules which have been in effect over an extended period and to the meaning assigned to them by officials charged with their administration.
(emphasis in original) (citations omitted). See also Humana, Inc. v. Department of Health and Rehabilitative Services, 492 So.2d 388, 392 (Fla. 4th DCA 1986) (an agency's interpretation of its own rule is entitled to great weight and persuasive force in the appellate court). Section 120.57(1)(j), illustrates that this policy of deference to an agency's expertise in interpreting its rules applies not only to the courts but also to administrative law judges.
Judicial review of a final order in a bid protest proceeding is governed by the standards in section 120.68, Florida Statutes (Supp.1996). In the present case, the Department's final order does not turn on a finding of fact or on the exercise of discretion. Our inquiry is limited to a determination whether the Department's action is correct as a matter of law. See § 120.68(7)(d), Florida Statutes (Supp.1996). We find nothing in the text of rule 14-78 to show that the Department's interpretation is incorrect, much less to suggest that it is clearly erroneous, as required by section 120.57(3)(f), Florida Statutes (Supp.1996). Therefore, we conclude that the Department properly approved the initial award of the bid.
Affirmed.
BENTON and VAN NORTWICK, JJ., concur.
NOTES
[1] The 1996 revision of section 120.57, Florida Statutes, became effective on October 1, 1996, before the filing of the formal bid protest in this case.