725 So.2d 1237 (1999)
Lawrence R. BUSH, Appellant,
v.
Frank BROGAN, as Commissioner of Education, Appellee.
No. 98-00596
District Court of Appeal of Florida, Second District.
January 22, 1999.
*1238 Gregory N. Burns, Fort Myers, for Appellant.
J. David Holder, DeFuniak Springs, for Appellee.
PER CURIAM.
The appellant, Lawrence R. Bush, challenges the final order of the Education Practices Commission (EPC) finding him guilty of gross immorality or an act of moral turpitude, pursuant to section 231.28(1)(c), Florida Statutes (1995), and issuing a letter of reprimand, suspending his teaching certificate for one year, and placing the appellant on probation for three employment years. Since the EPC substituted its own ultimate finding of fact for that of the administrative law judge, we reverse.
In May 1997, the Commissioner of Education filed an Administrative Complaint against the appellant seeking suspension, revocation, permanent revocation, or other disciplinary action against the appellant's teaching certificate. The appellant requested a formal hearing before an administrative law judge. At all times relevant to this action, the appellant held a Florida Educator's Certificate covering the area of elementary education.
Testimony revealed while the appellant was a cross country coach at Suncoast Middle School, he met Crystal S. Bush. Bush was a sixth grade student. The next year, the appellant was Bush's seventh grade social studies teacher at that same school. The appellant married Bush in 1993, when Bush turned sixteen years old and entered the ninth grade. In 1994, the couple had a son.
The appellant and Bush separated in 1995. Shortly after the separation, the appellant came to the apartment where Bush and the child were staying and a domestic scuffle ensued. The parties disagreed over what exactly occurred during the scuffle but it is undisputed that Bush ended up with a split lip. The appellant was charged with battery to which he pleaded nolo contendere. The trial court withheld adjudication and the appellant was sentenced to one year probation and a fine of $150.
The administrative law judge adopted the above testimony as factual findings in his recommended order and found no serious physical injury was suffered by either party during the incident. The administrative law judge stated that while the appellant was guilty of misconduct, it did not rise to the level of gross immorality or moral turpitude as required by section 231.28(c), Florida Statutes (1995). Therefore, the administrative law judge recommended that the Commissioner *1239 of Education enter a final order dismissing the administrative complaint.
The recommended order was then forwarded to the EPC, pursuant to section 120.57(1)(i), Florida Statutes (Supp.1996). A panel of the EPC met in December 1997 and found one exception to the administrative law judge's recommended order, namely the final conclusion. The EPC found that the appellant's act rose to the level of gross immorality and entered a final order suspending the appellant's teaching certificate for one year, issuing a letter of reprimand, and placing the appellant on probation for three employment years. The appellant filed a notice of appeal based on the EPC's final order.
The basic tenant of administrative law is that an administrative agency may not reject a hearing officer's findings unless it is first determined that the findings were not based on competent, substantial evidence, or that the proceedings in which the findings were based did not comply with the essential requirements of law from which the findings could be reasonably inferred. See Schrimsher v. School Bd. of Palm Beach County, 694 So.2d 856 (Fla. 4th DCA 1997); see also § 120.57(1)(j), Fla. Stat. (Supp.1996). The Schrimsher court went on to state that the agency's responsibility to determine if substantial evidence supports the hearing officer's conclusions cannot be avoided by labeling contrary findings as "conclusions of law." Schrimsher, 694 So.2d at 860.
In our case, the order of the EPC did not state that the administrative law judge's findings were not based on competent, substantial evidence, or that the proceedings did not comply with the law. In fact, the EPC agreed with all the findings of fact and conclusions of law found in the administrative law judge's order, except the ultimate "conclusion of law" as to whether the appellant's act represented misconduct rising to the level of gross immorality or moral turpitude.
Nonetheless, Baptist Hosp., Inc. v. State, Department of Health & Rehabilitative Servs., 500 So.2d 620 (Fla. 1st DCA 1986), provides a means for an agency to reject the hearing officer's findings if policy considerations are involved. The First District stated, "[m]atters that are susceptible of ordinary methods of proof, such as determining the credibility of witnesses or the weight to accord evidence, are factual matters to be determined by the hearing officer. On the other hand, matters infused with overriding policy considerations are left to agency discretion." Baptist Hosp., 500 So.2d at 623.
This exception does not afford the EPC relief in our case, as it did not in Holmes v. Turlington, 480 So.2d 150 (Fla. 1st DCA 1985). In Holmes, a teacher was charged by an administrative complaint with violating section 231.28, Florida Statutes (1983), in that she was guilty of gross immorality or an act involving moral turpitude. Holmes, 480 So.2d at 150. The complaint alleged that the teacher, while chaperoning a trip, held hands with a male student, hugged him, and permitted the student to spend the night in her hotel room where they engaged in intimate sexual activities. Id.
After a hearing was held, the hearing officer determined that no act of moral turpitude or of gross immorality was established to prove a violation of section 231.28, Florida Statutes (1983). Holmes, 480 So.2d at 151. The recommended order was forwarded to the EPC, which adopted the hearing officer's findings of fact but rejected his decisive "conclusion of law". Id. The EPC concluded that Holmes violated the statute based on the same facts the hearing officer set out. Id.
The First District stated that the EPC improperly substituted its own ultimate finding of fact for that of the hearing officer in violation of section 120.57(1)(b)9., Florida Statutes (1983), and reversed the EPC. Holmes, 480 So.2d at 152. The First District stated,
[W]e hold that deviation from a standard of conduct is essentially an ultimate finding of fact clearly within the realm of the hearing officer's fact-finding discretion.... [T]he commission has shown no special expertise in determining whether one holding a teaching certificate has ... deviated from a standard of conduct in violation of 231.28. These issues, not infused with policy considerations, are determinable by ordinary methods of proof through the weighing of evidence and the judging of the credibility of witnesses and therefore are solely the prerogative of the hearing *1240 officer as finder of fact.... The commission could alter the hearing officer's ultimate finding of fact only if it was not supported by competent, substantial evidence.
Holmes, 480 So.2d at 153.
Since the "overriding policy" exception does not afford the EPC relief in our case, and because the administrative law judge's findings can be supported by competent evidence found in the record, we find the EPC improperly substituted its judgment for that of the administrative law judge and reverse the EPC's final order. See Department of Health & Rehabilitative Servs. v. Yhap, 680 So.2d 559 (Fla. 1st DCA 1996) (holding that Commission on Human Relations failed to identify any aspect of the proceedings before the hearing officer which failed to comply with the essential requirements of the law but merely substituted its judgment on credibility matters and weight of evidence for that of the hearing officer, which was in error); Goin v. Commission on Ethics, 658 So.2d 1131 (Fla. 1st DCA 1995) (holding that whether facts, as found in recommended order of hearing officer, violate a rule or statute is a question of ultimate fact which an agency may not reject without adequate explanation); Langston v. Jamerson, 653 So.2d 489 (Fla. 1st DCA 1995) (reversing EPC's order because EPC decided that the facts as found by the hearing officer constituted violations as a matter of law, but such determination was clearly a factual question and one left to the discretion of the hearing officer); B.B. v. Department of Health & Rehabilitative Servs., 542 So.2d 1362 (Fla. 3d DCA 1989) (holding that although H.R.S. characterized its finding of excessive force a "conclusion of law," the question of whether B.B. used excessive force was a question of fact for the hearing officer to decide).
We, therefore, reverse the final order of the EPC and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and THREADGILL and GREEN, JJ., Concur.