724 So.2d 192 (1999)
J.J. TAYLOR COMPANIES, INC., d/b/a J.J. Taylor Distributing Miami, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 97-4532
District Court of Appeal of Florida, First District.
January 22, 1999.
Louis J. Terminello of Chadroff, Terminello and Terminello, Miami, Attorney for Appellant.
Stacey M. Rowe, Staff Attorney, and Lisa S. Nelson, Deputy General Counsel, Department of Business and Professional Regulation, Tallahassee, Attorneys for Appellee.
PER CURIAM.
This appeal arises from a final order of the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco (Agency), penalizing a distributor of alcoholic beverages (Taylor) for violating section 561.42(5), Florida Statutes (1995).[1] The administrative law judge (ALJ) *193 ruled that the Agency had failed to prove its case by clear and convincing evidence.
The Agency entered an order rejecting certain of the ALJ's findings of fact,[2] findings that the ALJ had characterized as "conclusions of law."[3]
The order on appeal rejects paragraph 15 and 16 of ALJ's recommended order, paragraphs contained under the heading "Conclusions of Law." The paragraphs in question provide:
15. The Division has not established by clear and convincing evidence that Taylor failed to exercise due diligence in supervising the salespersons who made the prohibited sales to Miami Supermarket. The salespersons processed the orders in accordance with the information which was on the computer. The salespersons were not responsible for inputting the vendor status information in to the computer. The salespersons observed that Miami Supermarket was selling other brands of alcoholic beverages during the time that Miami Supermarket was on the no sale list. The owner of Miami Supermarket did not advise Taylor's salespersons that Miami Supermarket was on the no sale list. The evidence does not establish that the actions of the salespersons were flagrant.
16. The prohibited sales occurred as a result of an entry error by Taylor's data entry employee. The error resulted in the failure of Taylor's computer system to take into account the possible repetition of an error by one inaccurate data entry.
Appellant contends that the foregoing paragraphs, although characterized as conclusion of law, do in fact contain findings of fact and were, therefore, not subject to rejection by the Agency here. We agree.
This court has held that it is the true nature and substance of the determination or ruling by the ALJ that controls the Agency's ability to reject the ruling. Thus, in Goin v. Commission on Ethics, 658 So.2d 1131, 1138 (Fla. 1st DCA 1995), this court stated the following rule:
"Erroneously labeling what is essentially a factual determination a `conclusion of law,' whether by the hearing officer or the agency does not make it so, and the obligation of the agency to honor the hearing officer's findings of fact may not be avoided by categorizing a contrary finding as a `conclusion of law.'" Kinney v. Department of State, Div. of Licensing, 501 So.2d 129, 132 (Fla. 5th DCA 1987).
The ALJ's finding, that Taylor's improper sales resulted from circumstances that do not show a lack of due diligence on the part of Taylor, is supported by competent, substantial evidence. Heifetz, 475 So.2d at 1281. Accordingly, we REVERSE and REMAND for further proceedings consistent herewith.
ERVIN, BOOTH, and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] Section 561.42(5) prohibits liquor sales to delinquent vendors who fail to show good cause for nonpayment.
[2] The determination of negligence, lack of diligence, or whether certain facts constitute a statutory violation are ultimate factual findings within a hearing officer's discretion. Goin v. Commission on Ethics, 658 So.2d 1131, 1138 (Fla. 1st DCA 1995) (citing Langston v. Jamerson, 653 So.2d 489 (Fla. 1st DCA 1995)); Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1282 (Fla. 1st DCA 1985).
[3] The final order imposed a $1,000 fine on J.J. Taylor.