FLETCHER, Judge.
Appellant S.A. appeals a final order of the Department of Children and Families [Department] confirming a report of neglect of a disabled adult pursuant to section 415.102(20), Fla.Stat. (1995). We reverse upon a holding that the Department abused its discretion by improperly substituting its own factual findings and inferences for those of the administrative law judge [ALJ] which *1229 were supported by substantial, competent evidence. See § 120.57(l)(b)(10), Fla. Stat. (1995).
The facts of this case show that when S.A’s former husband, the father of two of her children, became terminally ill, S.A, obtained authorization from the Department to serve as his caregiver. S.A, a school bus driver of limited financial means, moved the disabled, incontinent man into an apartment next door to hers and her then-husband’s, and, with assistance from a hospice program and her two teenaged daughters, attempted to provide care for the . man. After a short period of time and several visits to the apartment, a hospice worker called the Department to report that the disabled man’s diapers were not being changed regularly enough and that his other living conditions were substandard. A representative of the Department investigated and filed a report of suspected neglect against S.A. The report was confirmed by the Department and S.A, requested a hearing before an ALJ.
As the Department recognized in the final order under review, the ALJ was presented with conflicting testimony concerning the nature and ability of S.A’s care for the disabled man. Hospice workers testified that the care was not up to applicable standards, although other witnesses, including Department personnel, testified that S.A. and her daughters were doing the best they could under the circumstances. S.A, testified that she spent so much of her time tending to the man because he wanted to be near his family during his last days and the Department had no convenient nursing home facilities available.
In a detailed recommended order, the ALJ found that S.A’s care of the disabled man did not place him at risk for serious injury or death and that, even though the hospice workers might have liked the apartment to be cleaner at times, the caregiver was not guilty of neglect. The ALJ recommended that the Department’s abuse report be reclassified as unfounded. The Department filed exceptions to the ALJ’s order, resulting in the final order under review which rejects several of the ALJ’s factual findings as well as the ultimate recommendation.
We find that the ALJ’s factual findings and inferences drawn therefrom are amply supported by substantial competent evidence in the record. As such, the Department abused its discretion in substituting its own contrary findings of fact on conflicting evidence in ruling on the Department’s exceptions. See Southpointe Pharmacy v. Department of HRS, 596 So.2d 106, 109 (Fla. 1st DCA 1992); Florida Dep’t of Community Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991); Orlando Gen. Hosp. v. Department of HRS, 567 So.2d 962, 963-64 (Fla. 5th DCA 1990); City of Umatilla v. Public Employees Relations Comm’n, 422 So.2d 905, 907-08 (Fla. 5th DCA 1982).
Our review of the record leads us to the conclusion that S.A.’s valiant attempts to care for her former spouse at home in accorr dance with his wishes and with only minimal assistance were evaluated by the Department using an unacceptable near-perfection standard. The ALJ’s recommended order properly balanced the equities in this case, and, on remand, the recommended order of the ALJ should be adopted as the final agency order.
Reversed and remanded with directions.