744 So.2d 1040 (1999)
Elmer Roger PILLSBURY and Karen Pillsbury, d/b/a Whitfield Academy, Appellants,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 98-00717.
District Court of Appeal of Florida, Second District.
August 13, 1999.
Rehearing Denied November 4, 1999.
Douglas A. Wallace and Earl W. Baden, Jr., Bradenton, for Appellants.
Raymond R. Deckert, Tampa, for Appellee.
QUINCE, PEGGY A., Associate Judge.
Elmer and Karen Pillsbury (the Pillsburys) challenge the revocation of their child day care license pursuant to section 402.310, Florida Statutes (1995), and rule 10M-12.011, Florida Administrative Code. We reverse because the Department of Children and Families (the Department) improperly rejected several of the hearing officer's findings of fact.
This is the second occasion on which the Pillsburys have come before this court seeking review of the revocation of their license to operate a child day care facility. As we noted in our 1997 opinion, the Pillsburys operate a child day care facility known as "Whitfield Academy." Mr. Pillsbury holds the provisional license to operate the Academy and Mrs. Pillsbury manages the facility and oversees its day-to-day operations. Beginning in 1989 and continuing until 1995, the Department cited the Pillsburys for a number of statutory violations including child abuse, failure to comply with child/staff ratios, failure to provide direct supervision, improper storage of dangerous chemicals, roach infestation, fire code violations, failure to repair shattered window glass, corporal punishment, unsanitary bathrooms, failure to have designated staff in charge, non-constructive discipline, and failure to cooperate with health officials in responding to an *1041 outbreak of Hepatitis A. Based on this continuing pattern of violations, the Department filed an administrative complaint on May 9, 1995, seeking to revoke Mr. Pillsbury's child day care license.
The administrative hearing officer found in favor of the Pillsburys. However, the Department entered a final order rejecting several conclusions of law and rejecting the hearing officer's recommendation that the complaint be dismissed. The Department concluded there was a willful pattern of noncompliance and temporary corrections on the part of the appellants and ordered revocation of Mr. Pillsbury's child care license. An appeal to this court followed.
In our previous opinion we noted that the Department's final order did not comply with the requirements of section 120.57(1)(b)(10), Florida Statutes (1995), because it did not reflect that the Department had conducted a complete review of the record, as required by statute. See Pillsbury v. State, Dep't of Health & Rehabilitative Servs., 705 So.2d 32 (Fla. 2d DCA 1997). Without determining the merits of the alleged errors, we directed that on remand, the Department enter an order which comports with the statute.
Following remand, the Department reviewed the transcript of proceedings and entered an amended final order. Like its predecessor, this order revoked the Pillsburys' license to operate a day care facility. This appeal followed.
The Pillsburys argue that the Department violated section 120.57(1)(b)10, Florida Statutes (1995), by rejecting or modifying the findings of fact in the recommended order without finding that the findings of fact were not based upon competent substantial evidence or that the proceedings did not comply with the essential requirements of law. We agree that the Department erroneously rejected the hearing officer's findings of facts.
On review of a recommended order, the Department is free to disregard a hearing officer's conclusions of law, but not his findings of fact. See § 120.57(j), Fla. Stat. (Supp.1996) (The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules over which it has substantive jurisdiction.); State, Contracting & Eng'g Corp. v. Department of Transp., 709 So.2d 607 (Fla. 1st DCA 1998) (In contrast, the agency is not required to defer to the administrative law judge on issues of law.); Fonte v. State, Dep't of Envtl. Regulation, 634 So.2d 663 (Fla. 2d DCA 1994) (The agency may only reject a hearing officer's findings of fact if it determines from a review of the complete record that the findings were not based upon competent, substantial evidence.).
After reviewing the record, including a transcript of the proceeding before the hearing officer, the Department rejected specific "legal conclusions" arrived at by the hearing officer. Specifically, the Department rejected the hearing officer's conclusions that:
1) the evidence does not show a consistent failure by respondents to address serious deficiencies; and
2) the respondents had reasonably cooperated with the Department to correct violations and remedy complaints such that revocation of respondents' license was not warranted.
The Department also rejected the hearing officer's determination that past violations by the Pillsburys could not be considered in assessing the issue of revocation.
In our review of the Department's rejection of these conclusions, we must be guided by the true nature of the finding, not its title. The mere fact that what is essentially a factual determination is labeled a conclusion of law, whether labeled by the hearing officer or the agency, does not make it so, and the obligation of the agency to honor the hearing officer's findings of fact cannot be avoided by categorizing a contrary finding as a conclusion of law. See Kinney v. Department of State, *1042 Div. of Licensing, 501 So.2d 129 (Fla. 5th DCA 1987). While identified as conclusions which are legal in nature, the conclusions set forth as one and two, above, which the Department rejected, are actually ultimate factual findings. See Bush v. Brogan, 725 So.2d 1237 (Fla. 2d DCA 1999) (citing Kinney for the proposition that whether facts, as found in recommended order of hearing officer, violate a rule or statute is a question of ultimate fact which an agency may not reject without adequate explanation); Langston v. Jamerson, 653 So.2d 489 (Fla. 1st DCA 1995) (reversing EPC's order because EPC decided that the facts as found by the hearing officer constituted violations as a matter of law, but such determination was clearly a factual question and one left to the discretion of the hearing officer).
As this court pointed out in Bush v. Brogan, 725 So.2d at 1239, if the matter under review is susceptible of ordinary methods of proof, such as determining the credibility of witnesses or the weight to be given particular evidence, the matter should be determined by the hearing officer. If, however, the matter is infused with overriding policy considerations, the issue should be left to the discretion of the agency. See Baptist Hosp., Inc. v. State, Dep't of Health & Rehabilitative Servs., 500 So.2d 620 (Fla. 1st DCA 1986); Leapley v. Board of Regents, 423 So.2d 431 (Fla. 1st DCA 1982) (citing McDonald v. Department of Banking & Fin., 346 So.2d 569, 579 (Fla. 1st DCA 1977), the court said that the hearing officer's finding on an issue should control to the extent that issue was simply the weight or credibility of testimony by witnesses, or was determinable by ordinary methods of proof). In this case, the Department's opinion shows a simple disagreement as to the assessment of the facts. It does not demonstrate that the hearing officer's findings are not supported by competent, substantial evidence. Rejection of these findings without an indication that the findings were unsupported by competent, substantial evidence was improper. See J.J. Taylor Cos., v. Department of Bus. & Prof'l Regulation, 724 So.2d 192 (Fla. 1st DCA 1999).
The other conclusion rejected by the Department, whether past violations could be considered, was also erroneously rejected. The Department's finding that this evidence was not considered is not supported by the record. Although the hearing officer indicated that past violations did not have to be considered, it is clear from a reading of the recommended order that all violations were considered in reaching the final determination.
Accordingly, the Department's order revoking the Pillsburys' day care license is reversed.
SALCINES, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.