BENTON, C.J.
Christina Viering appeals the final order of the Florida Commission on Human Relations (Commission) ordering her to pay *297 Bahiyyih Watson damages in the amount of $6,697.90 on account of discrimination in violation of sections 760.20-760.37, Florida Statutes (2008). Ms. Viering argues that the Commission unlawfully rejected the finding the administrative law judge (ALJ) made that no racial or religious discrimination had been proven. Agreeing that the Commission overstepped its authority by substituting its own view of the facts for the ALJ’s findings, we reverse and remand with directions.
In November of 2009, the Commission filed an administrative petition alleging that appellant had discriminated against Ms. Watson, one of her tenants, both on the basis of her race (Black American[1]) and on the basis of her religion (Yoruba[2]). The case was referred to the Division of Administrative Hearings (DOAH) where ALJ McKibben conducted a two-day formal administrative hearing. See §§ 120.569; 120.57(1), Fla. Stat. (2008). After the formal administrative hearing, the ALJ issued a twenty-page recommended order finding that Ms. Viering’s behavior had been eccentric and unpleasant, but that her actions “appear to be based on her own personality and demean- or, rather than on any intent to discriminate based on race or religion.” The ALJ recommended that the administrative petition be dismissed in its entirety.
Counsel for the Commission filed exceptions to the recommended order. The Commission took no action on the exceptions as such when it entered an order on August 2, 2011 (Aug. 2 Order) purporting to adopt all of the ALJ’s findings of fact, explicitly finding them to be supported by competent substantial evidence, but rejecting the ALJ’s determination that the evidence did not show that Ms. Viering intended to discriminate on the basis of race or religion. The Commission identified four of the ALJ’s factual findings as direct evidence of discrimination, and asserted that language in the recommended order stating that her actions “appear to be based on ...” nondiscriminatory factors stopped short of finding that Ms. Viering did not intend to discriminate. The Commission itself then concluded intent to discriminate had been proven, and remanded the case to the ALJ for a determination of appropriate relief, including damages.
On remand to DOAH, the ALJ conducted a second hearing concerning appropriate relief for Ms. Watson, and entered a second recommended order. Counsel for the Commission filed exceptions to the ALJ’s fact findings in this phase of the proceeding, as well, exceptions which the Commission adopted in their entirety, entering a final order reversing the ALJ’s findings, and awarding affirmative relief to Ms. Watson in the amount of $6,697.90 as “quantifiable damages.” On appeal of this final order, our review of the antecedent liability determination in the Aug. 2 Order is dispositive. “The court may review any ruling or matter occurring before filing of the notice.” Fla. R.App. P. 9.110(h). See also Fla. Leisure Acquisition Corp. v. Fla. Comm’n on Human Relations, 639 So.2d 1028, 1029 (Fla. 5th DCA 1994) (treating a liability determination before damages had been determined as a non-final interim order that could not be appealed before the Commission issued its final order in an employment discrimination case).
*298 Discriminatory intent is a finding of fact. See Fla. Dep’t of Cmty. Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991) (“The ultimate question of the existence of discrimination is a question of fact.... Consequently, a hearing officer’s finding of no discrimination should only be set aside if that finding is clearly erroneous, or is based on clearly erroneous findings of fact or a mistaken view of the law.”). But by rejecting the ALJ’s conclusion that it failed to prove Ms. Viering discriminated against Ms. Watson on the basis of race or religion, the Commission rejected findings of fact without first finding, after a review of the entire record, that the ALJ’s factual findings were not supported by competent, substantial evidence. In so doing, the Commission violated a cardinal tenet of administrative law. See § 120.57(1)((), Fla. Stat. (2008).
In contending its determination of discriminatory intent was a conclusion of law, the Commission seeks to recast a fact finding as a legal conclusion. “[T]he obligation of the agency to honor the hearing officer’s findings of fact cannot be avoided by categorizing a contrary finding as a conclusion of law.” Pillsbury v. State, Dep’t of Health & Rehabilitative Servs., 744 So.2d 1040, 1041 (Fla. 2d DCA 1999). “The mere fact that what is essentially a factual determination is labeled a conclusion of law” is not determinative. Id. The present case resembles School Board of Leon County v. Hargis, 400 So.2d 103, 106-07 (Fla. 1st DCA 1981). There we held that, where the hearing officer concluded that there was insufficient evidence to support the inference that Hargis was the subject of unlawful discrimination, the Commission could not reject that finding, even by labeling it a conclusion of law, given competent, substantial evidence in support of the hearing officer’s findings. Id. at 107. See also Gross v. Dep’t of Health, 819 So.2d 997, 1005 (Fla. 5th DCA 2002) (where the “Board has conceded in these proceedings that all of the findings made by the ALJ, including the finding that Gross did not violate the applicable standard of care or violate section 458.331(l)(t), are supported by substantial, competent evidence,” the “Board may not reject or modify those findings, substitute its findings, or make new findings”).
We recently held in Lantz v. Smith, 106 So.3d 518 (Fla. 1st DCA 2013), that an administrative adjudicatory body cannot modify “pivotal factual findings” the ALJ had made where competent, substantial evidence supported the findings, regardless of what the adjudicatory body would have decided if it had been the trier of fact. See also Langston v. Jamerson, 653 So.2d 489, 490 (Fla. 1st DCA 1995) (“The [agency] adopted all of the findings of fact exonerating Mr. Langston contained in the recommended order of the hearing officer, but imposed sanctions on Mr. Langston after purportedly rejecting the hearing officer’s conclusions of law. We conclude that the agency abused its discretion and reverse.”).
When the Commission declared that some of the ALJ’s factual findings established unlawful discrimination, it effectively reweighed the evidence and made a factual finding at odds with the ALJ’s. The Commission thus failed to comply with section 120.57(l)(i), Florida Statutes (2008), as explicated in the case law which disallows summarily reversing an ALJ’s factual determination (especially after purporting to adopt all of the ALJ’s factual findings) by taking a different view of the facts, under the guise of reaching a different conclusion of law. Accordingly, we reverse the Commission’s final order, and remand the case for entry of an order *299 dismissing the administrative petition, as the ALJ recommended.
Reversed and remanded.
WOLF and SWANSON, JJ., concur.

. Ms. Watson identified herself as Black American, rather than as African American. Ms. Viering is Caucasian.

. The ALJ defined Yoruba as a religion with "a tradition of Orishas,” that assigns great emphasis to the role of ancestors, African traditions and respect for elders. The ALJ found it was not proven that Ms. Viering, a Christian, knew Ms. Watson's religious views.