ON MOTION FOR REVIEW
BENTON, J.
The Florida Commission on Human Relations (FCHR) seeks review of an administrative law judge’s (ALJ’s) order setting the amount of attorney’s fees and costs required to reimburse Ms. Viering for expenses incurred on appeal. Having earlier decided her entitlement to appellate attorney’s fees, we now uphold the ALJ’s order awarding fees and costs against FCHR.
In the underlying case, Viering v. Florida Commission on Human Relations ex rel. Watson, 109 So.3d 296 (Fla. 1st DCA 2013), Ms. Viering prevailed on the appeal of the final order entered in proceedings the FCHR had instituted against her. “Agreeing that the Commission [FCHR] overstepped its authority by substituting its own view of the facts for the ALJ’s findings, we reverse[d].” Id. at 297. We also granted the motion Ms. Viering filed pursuant to section 120.595(5), Florida Statutes (2012), seeking attorney’s fees, and remanded to the Division of Administrative Hearings (DOAH) for determination of the amount of a reasonable fee. On remand, the ALJ conducted a hearing, and awarded appellate attorney’s fees and costs to Ms. Viering.
Under the Administrative Procedure Act, administrative agencies may not modify an ALJ’s factual findings if supported by competent and — in light of the record as a whole — substantial evidence. See id. at 298; Brevard Cnty. Sheriff’s Dep’t v. Fla. Comm’n on Human Relations, 429 So.2d 1235, 1237 (Fla. 5th DCA 1983) (“What the Commission has done, in effect, is ignored or rejected the hearing officer’s findings of fact without determining that they are not supported by competent, substantial evidence. This it cannot do.”). One reason the ALJ’s findings are looked to is that the reviewing agency is often, as here, itself a litigant. See Lantz v. Smith, 106 So.3d 518, 519 (Fla. 1st DCA 2013) (holding that an administrative adjudicatory body cannot modify “pivotal factual findings” of the ALJ where competent, substantial evidence supported the findings); Gross v. Dep’t of Health, 819 So.2d 997, 1001 (Fla. 5th DCA 2002) (holding that “if there is competent substantial evidence to support the findings of fact in the record, the Florida courts, including this court, have consistently held that the agency may not reject them, modify them, substitute its findings, or make new findings”); Knapp v. Unemployment Appeals Comm’n, 643 So.2d 127, 127 (Fla. 4th DCA 1994) (“Although an agency may reject a hearing officer’s finding of fact after it has read the entire record, the record must disclose the complete absence of evidence to support the factual finding.”). “The agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.” § 120.57(1)((), Fla. Stat. (2012).
*969 Its unwarranted rejection of the ALJ’s findings notwithstanding, the FCHR argues that appellant’s failure to comply with notice provisions in section 284.30, Florida Statutes (2012), precluded any award of attorney’s fees. Section 284.30 requires a “party to a suit in any court” claiming attorney’s fees against the state to serve a copy of “the pleading” on the Department of Financial Services.[1] No court has ever held, however, that section 284.30 applies to administrative proceedings, and we decline to do so today. We acknowledged the issue in Florida Medical Center v. Department of Health & Rehabilitative Services, 511 So.2d 677, 678 n. 1 (Fla. 1st DCA 1987), but expressly did not resolve the issue then because it was unnecessary to the decision in Florida Medical Center. Although belatedly,[2] the FCHR asks us to address the question now.
The text of the statute plainly limits applicability of the provision to a “party to a suit in any court.” § 284.30, Fla. Stat. (2012). Administrative proceedings under Chapter 120 are not “a suit in any court.” See, e.g., A.L. v. Jackson Cnty. Sch. Bd., 127 So.3d 758 (Fla. 1st DCA 2013); Wesley Group Home Ministries, Inc. v. City of Hallandale, 670 So.2d 1046, 1049 (Fla. 4th DCA 1996) (explaining that, under 42 U.S.C. § 1988, whether fees are allowed depends on whether there has been a court action or merely administrative proceedings).
The section 284.30 notice requirement does not contemplate administrative proceedings, particularly those the state institutes against a citizen. In the present case, the administrative proceeding in which the FCHR charged Ms. Viering with violating the Fair Housing Act was not a “proceeding[ ] against the state, but rather one by the state.” N.S. v. Dep’t of Children & Families, 119 So.3d 558, 561 (Fla. 5th DCA 2013) (internal quotations omitted). She never filed a complaint and was under no obligation to file an answer. Ms. Viering did not commence the proceedings, and did not file an initial pleading that could have been served on the Department of Financial Services.
Section 284.30, Florida Statutes does not apply to fee motions in administrative proceedings. Under section 120.595(5), Ms. Viering filed a motion for attorney’s fees. Motions are not pleadings. See Green v. Sun Harbor Homeowners’ Ass’n, Inc., 730 So.2d 1261, 1262-63 (Fla.1998) (correcting *970 a statement that the term “pled” included filing motions); N.S., 119 So.3d at 561 (holding section 284.30 does not apply to a motion for fees under section 57.105, Florida Statutes (2012)); Sardón Found, v. New Horizons Serv. Dogs, Inc., 852 So.2d 416, 421 (Fla. 5th DCA 2003) (“A motion is not a pleading.”). The requirement that a litigant serve “a copy of the pleading claiming the fees” does not, in short, apply to motions under section 120.595(5).[3] See also A.L. v. Jackson Cnty. School Bd., supra.
The FCHR also relies on section 760.35(3)(c), Florida Statutes (2012),[4] which took effect on October 1, 1989, ch. 89-321, §§ 8, 12 at 2068-69, Laws of Fla., long before section 120.595(5), Florida Statutes (2012), the authority upon which Ms. Viering relied in requesting attorney’s fees, was enacted. The second sentence of section 120.595(5), provides:
Upon review of agency action that precipitates an appeal, if the court finds that the agency improperly rejected or modified findings of fact in a recommended order, the court shall award reasonable attorney’s fees and reasonable costs to a prevailing appellant for the administrative proceeding and the appellate proceeding.
Section 120.595(5) was enacted in 1996 and “for the first time since the enactment of the Florida Administrative Procedure Act in 1974, dramatically altered the ability of private litigants to recover attorneys’ fees and costs from government agencies that have overreached their legislatively delegated authority” in the specified way. Martha Edenfield, Attorney’s Fees and Costs, Fla. Bar Journal, Mar. 1997, at 73.
Enacted subsequently, the second sentence of section 120.595(5) thus amended, albeit narrowly and discretely, the thither-to blanket prohibition set out in section 760.35(3)(c), which provides: “Costs or fees may not be assessed against the commission in any appeal from a final order issued by the commission under this subsection.” Attorneys’ fees remain unavailable under chapter 760 in most, if not all, the many instances authorized under analogous federal civil rights laws. But fees are authorized under the second sentence of section 120.595(5) whenever a reviewing “court finds that the [FCHR or any other] agency improperly rejected or modified findings of fact in a recommended order.” § 120.595(5), Fla. Stat. (2012).
The Legislature’s authorization of attorney’s fees as a means to prevent agencies from overstepping their authority — or, if they do overstep, to compensate private litigants for legal fees they have incurred as a result — is clear and comprehensive, and makes no exception for any executive branch agency subject to chapter 120. See Pillsbury v. State, Dep’t of Health & Rehab. Sews., 744 So.2d 1040, 1041 (Fla. 2d DCA 1999) (“[T]he obligation of the agency to honor the hearing officer’s findings of fact cannot be avoided by categorizing a contrary finding as a conclusion of law.”); S.A. v. Dep’t of Children & Family Servs., 728 So.2d 1228, 1229 (Fla. 3d DCA 1999) (“We find that the ALJ’s factual findings and inferences drawn therefrom are amply *971 supported by substantial competent evidence in the record. As such, the Department abused its discretion in substituting its own contrary findings of fact on conflicting evidence in ruling on the Department’s exceptions.”); Bush v. Brogan, 725 So.2d 1237, 1239 (Fla. 2d DCA 1999) (“The basic ten[e]t of administrative law is that an administrative agency may not reject a hearing officer’s findings unless it is first determined that the findings were not based on competent, substantial evi-denee[.]”).
Where a citizen exhausts administrative remedies by litigating under section 120.57(1) only to see findings of fact in a favorable recommended order arbitrarily set at naught, the FCHR, just as other agencies in like circumstances, must bear the costs of the (successful) appeal necessary to correct the agency’s misfeasance. As articulated by the specially appointed Governor’s Administrative Procedure Act Review Commission, one of the main goals of the 1996 amendments was to increase agency accountability to the Legislature and the general public. Governor’s Admin. Procedural Act Review Comm’n, Final Report, at 1 (1996). In proposing additional avenues for private litigants to obtain costs and attorney’s fees, it said, the “goal of the Commission is to create a more level playing field in administrative proceedings.” Id. at 23. The Commission’s hope was that imposition of attorney’s fees “in more circumstances would make agencies less likely to abuse their delegated legislative authority.” Id. at App. 0. In enacting the 1996 attorney’s fees revision and additions, the Legislature explicitly implemented the recommendations of the Commission in this regard. CS for HB 1179 (1996) Bill Analysis 1 (March 15,1996).
In addition to giving effect to specific legislative intent to curb agency disregard for and interference with ALJs’ fact finding, today’s decision upholds the “general rule of law” applicable when “the purposes of two statutes appear to be in conflict with each other,” namely, that “the later statute constitutes an amendment of the earlier one.” Hines, Inc. v. United States., 551 F.2d 717, 725 (6th Cir.1977) (citing United States v. Ohio Valley Co., Inc., 510 F.2d 1184, 1189 (7th Cir.1975) and 2 A. Sutherland, Statutory Construction §§ 51.02, 51.05 (C. Sands 4th ed. 1973)). The mandatory language of the second sentence of section 120.595(5) does conflict with the language of section 760.35(3)(c), whether or not it conflicts with the core purpose of section 760.35(3)(e).
The Legislature enacted section 760.35(3)(c) in 1989. See ch. 89-321, § 8, at 2068-69, Laws of Fla. The Legislature enacted section 120.595(5) in 1996. See ch. 96-159, § 25, at 197, Laws of Fla. Chapter 96-159 makes no cross-reference, and legislative history is silent as to any possible conflict. See Hines, 551 F.2d at 725. Under this general rule of statutory interpretation, therefore, the later-enacted statute, section 120.595(5), abrogates section 760.35(3)(c) to the extent that section 760.35(3)(c) prohibits the assessment of costs and fees even when the FCHR has erroneously rejected or modified an ALJ’s findings of fact.
Because section 120.595(5) amends section 760.35(3)(c) pro tanto, and because the notice requirement of section 284.30 does not apply to administrative proceedings, we do not disturb the ALJ’s order under review granting Ms. Viering attorney’s fees and costs.
It is so ordered.
WOLF and SWANSON, JJ., concur.

. Section 284.30 provides in its entirety:
A state self-insurance fund, designated as the "State Risk Management Trust Fund,” is created to be set up by the Department of Financial Services and administered with a program of risk management, which fund is to provide insurance, as authorized by s. 284.33, for workers' compensation, general liability, fleet automotive liability, federal civil rights actions under 42 U.S.C. s. 1983 or similar federal statutes, and court-awarded attorney's fees in other proceedings against the state except for such awards in eminent domain or for inverse condemnation or for awards by the Public Employees Relations Commission. A party to a suit in any court, to be entitled to have his or her attorney's fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on the Department of Financial Services; and thereafter the department shall be entitled to participate with the agency in the defense of the suit and any appeal thereof with respect to such fees.

. We reject Ms. Viering’s contention that the earlier grant of entitlement to attorney’s fees established the law of the case, and address the merits of this issue even though the FCHR has arguably waived this issue by failing to raise the argument until after we had already granted the motion for attorney's fees and remanded to DOAH. See Fla. Med. Ctr. v. Dep’t of Health & Rehab. Servs., 511 So.2d 677, 678 (Fla. 1st DCA 1987) (holding section 284.30 "may be waived by one who fails to raise such defense in a timely manner”).

. The FCHR argued that Ms. Viering "failed to satisfy the condition precedent requirement” that she "perfect service” by serving a copy of her complaint "at the commencement of her action, as required by section 284.30.” But Ms. Viering had no entitlement to fees at the point proceedings began. Her entitlement to fees under section 120.595(5) did not arise until the FCHR entered its final order improperly modifying the ALJ's fact findings, as discussed in the main appeal.

. As to this argument, too, we reject Ms. Viering’s argument that law of the case precludes (re)consideration. Our earlier order granting the motion for attorney’s fees and costs was interlocutory and never the subject of review in a higher court.