511 So.2d 677 (1987)
FLORIDA MEDICAL CENTER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. BD-45, BD-46.
District Court of Appeal of Florida, First District.
August 7, 1987.
Eric B. Tilton, Tallahassee, for appellant.
R.S. Power, Asst. Gen. Counsel, for appellee.

ON MOTION FOR ATTORNEY'S FEES
ERVIN, Judge.
In Florida Medical Center v. Department of Health and Rehabilitative Services, 484 So.2d 1292 (Fla. 1st DCA 1986), this court, among other things, directed that the cause be remanded to HRS for the purpose of affording Florida Medical Center (FMC) the opportunity to determine whether sufficient time remained for FMC to intervene as a party to another party's application for a certificate of need (CON). And, on the same date as the issuance of the above opinion, we provisionally granted FMC's motion for attorney's fees against HRS, brought pursuant to Section 120.57(1)(b)9, Florida Statutes, and directed that fees be awarded if it were decided that FMC was entitled to a hearing on its contest of the award of a CON to the other party. Following remand, a hearing was held, and a memorandum decision issued by a hearing officer of the Division of Administrative Hearings, recommending as reasonable an attorney fee of $47,102.50, together with costs in the amount of $117.74, which this court subsequently approved. HRS thereupon moved for rehearing, asserting for the first time that FMC had failed to comply with the statutory condition precedent to the award of attorney's fees, e.g., its failure to establish or allege compliance with Section 284.30, Florida Statutes, providing:

*678 A state self-insurance fund, designated as the "Florida Casualty Insurance Risk Management Trust Fund," is created to be set up by the Department of Insurance and administered with a program of risk management, which fund is to provide insurance, as authorized by s. 284.33, for workers' compensation, general liability, fleet automotive liability, federal civil rights actions under 42 U.S.C. s. 1983 or similar federal statutes, and court-awarded attorney's fees in other proceedings against the state except for such awards in eminent domain or for inverse condemnation or for awards by the Career Service Commission. A party to a suit in any court, to be entitled to have his attorney's fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on the Department of Insurance; and thereafter the department shall be entitled to participate with the agency in the defense of the suit and any appeal thereof with respect to such fees.
(e.s.)
HRS theorizes that because of FMC's failure to comply with the statutory requirement that it serve a copy of its pleading seeking attorney's fees on the Department of Insurance, this court lacks subject matter jurisdiction over the claim.[1] The only case cited by HRS in support of its argument is Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), which, in construing the notice requirements of Florida's Tort Claims Act, Section 768.28(6)(a), Florida Statutes, held that the statute must be given literal effect, and is a condition precedent to the bringing of suit against any state agency or subdivision, except a municipality.
We agree with HRS that the notice provisions of section 284.30 are similar to those provided in section 768.28(6)(a), in that both require presentation of the particular claim in writing to the Department of Insurance. We do not agree, however, that the failure of a party to comply with either of the two statutes divests a court of subject matter jurisdiction, or that the defending party's failure to assert timely the defense of lack of notice may not be waived. The Florida Supreme Court's opinion in Levine v. Dade County School Board never addressed the question of whether the notice defense could be waived; in fact, a number of opinions decided after Levine have stated that a party's failure to allege compliance with section 768.28(6) may be waived by the party who raises the defense of lack of notice. See Bryant v. Duval County Hospital Authority, 502 So.2d 459, 463 (Fla. 1st DCA 1986); McSwain v. Dussia, 499 So.2d 868, 870 (Fla. 1st DCA 1986); City of Pembroke Pines v. Atlas, 474 So.2d 237, 238 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986). We are similarly of the view that the notice provisions of section 284.30 may be waived by one who fails to raise such defense in a timely manner.
In holding that the notice requirement of section 284.30 may be waived, we are aware that Section 768.28(6)(b), Florida Statutes, is worded differently from section 284.30, in that  unlike the latter statute  it specifically provides that "the requirements of notice to the agency and the denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action," thereby implying, since an allegation of notice is not an element of the cause of action, that the failure to so allege is not necessarily fatal to the plaintiff's cause of action, and that the defense of lack of notice is one that may be waived. See Rule 1.140(h), Fla.R.Civ.P. Notwithstanding the difference between the language in the two statutes, we see no need to place a different construction upon section 284.30. Section 768.28(6)(b) was added by Chapter 83-257, Laws of Florida. Before its amendment, and despite the absence of any language in section 768.28, stating that notice to the agency shall not be deemed to be an element of the cause of action, a construction was placed upon section 768.28 similar *679 to the language now provided in the amended statute. In Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010, 1022 (Fla. 1979), the Florida Supreme Court stated that compliance with the notice provision of the statute was "clearly a condition precedent to maintaining a suit," and directed that a party's complaint, which failed to make such an allegation, be dismissed without prejudice, in order that it be amended to so state. Accordingly, the same construction was placed upon the statute both before and following its amendment. As this court observed in McSwain v. Dussia, "The giving of such notice may be alleged generally in accordance with the Rule 1.120(c), Florida Rules of Civil Procedure [pertaining to the requirement that the pleader generally aver that all conditions precedent have been performed or have occurred], and shift to the defendant the burden of denying the allegations of compliance with specificity... . Since the notice requirements [of the statute] are neither jurisdictional nor an essential element of the cause of action, failure to give the requisite notice may be waived... ." Id. at 870.
In the case at bar, it was only after a hearing on the issue of attorney's fees had been conducted, and an order entered approving the recommendation that the motion for attorney's fees be granted, that HRS raised for the first time FMC's failure to comply with the notice requirements of section 284.30. Under the circumstances, we consider that a similar construction should be placed upon section 284.30, as has been given section 768.28, and conclude that because the agency did not timely assert the defense of noncompliance with the notice provisions of section 284.30, that defense must now be deemed waived.
The motion for rehearing is DENIED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] The parties have not raised and briefed whether this statute is applicable to the award of an attorney's fee in this administrative proceeding. For purposes of this opinion, therefore, we assume (without deciding) that it is applicable in this instance.