PER CURIAM.
The Department of Highway Safety and Motor Vehicles [the Department] takes this appeal from a circuit court order which temporarily enjoins it from imposing a one-year restricted suspension of Stella L. Heredia’s driver’s license, pending the outcome of an administrative hearing to determine whether the said suspension is appropriate. All agree, however, that after the trial court orally announced its ruling below, the Department rescinded its aforesaid one-year suspension of Heredia’s driver’s license. This being so, the instant appeal has been rendered entirely moot and must be dismissed. See Friends of the Everglades v. South Fla. Regional Planning Council, 447 So.2d 902 (Fla. 3d DCA 1984); In re T.A.A., 388 So.2d 41, 42 (Fla. 5th DCA 1980); Gill v. City of North Miami Beach, 156 So.2d 182, 183 (Fla. 3d DCA 1963).
It should be noted in this connection that the Department makes no contention that its subsequent action, which sought to revive its one-year restricted suspension of Heredia’s driver’s license without revoking its prior rescission thereof, has any legal force and effect. Instead, relying on Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla.1957), it argues that the appeal, although moot, should still be entertained because the issue presented herein is one of wide public interest, is capable of repetition, and involves the duties and authority of public officials in the administration of the law. We cannot agree because, simply *62 put, we do not believe the issue presented rises to the level of sufficient public importance that the appeal should be entertained despite its conceded mootness. This is so particularly in view of the subsequent passage of Section 316.655(5), Florida Statutes (1987), which, as we read it, answers many of the due process concerns which prompted the trial court to order the post-suspension administrative hearing in this case. Beyond that, the issue presented, although capable of repetition, is hardly one which evades appellate review because the Department was under no obligation to rescind its one-year restricted suspension of Heredia’s driver’s license after the trial court’s oral ruling herein, which action plainly makes the instant appeal moot. In future cases, the Department need only refrain from such a subsequent rescission and the issue will be ripe for review; as it stands now, the instant appeal is entirely moot and must be dismissed. This dismissal, however, shall be without prejudice to the appellee to seek appropriate relief in the trial court as to the present legal status of her driver’s license.
Appeal dismissed.