SCHWARTZ, Chief Judge.
This is an appeal from an order denying an application by the plaintiff for attorney’s fees after a successfully maintained action for injunctive relief under the Civil Rights Act, 42 U.S.C. §§ 1983, 1988 (1987). See Department of Highway Safety & Motor Vehicles v. Heredia, 520 So.2d 61 (Fla. 3d DCA 1988). The lower court based its determination on the conclusion that recovery was barred by the plaintiff’s failure to conform to the requirements of section 284.30, Florida Statutes (1987). We agree and affirm.
Section 284.30 provides:
284.30 Florida Casualty Insurance Risk Management Trust Fund; coverages to be provided. — A state self-insurance • fund, designated as the “Florida Casualty Insurance Risk Management Trust Fund,” is created to be set up by the Department of Insurance and administered with a program of risk management, which fund is to provide insurance, as authorized by s. 284.33, for workers’ compensation, general liability, fleet automotive liability, federal civil rights actions under A2 U.S.C. s. 1983 or similar federal statutes, and court-awarded attorney’s fees in other proceedings against the state except for such awards in eminent domain or for inverse condemnation or for awards by the Public Employees Relations Commission. A party to a suit in any court, to be entitled to have his attorney’s fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on- the Department of Insurance; and thereafter the department shall be entitled to participate with the agency in the defense of the suit and any appeal thereof with respect to such fees, [e.s.]
The record in this case shows that the plaintiff did not serve the original complaint, which indeed contained a demand for attorney’s fees, upon the Department of Insurance. See Fla.R.Civ.P. 1.070(f). Rather, she notified it only when she made a post-final judgment application for a specific award. It is apparent from the face of the statute that service must be given at the commencement of the action, a requirement which was almost certainly imposed to permit the Department to monitor and perhaps influence the proceedings — by effecting a settlement or otherwise — for which it may be required to pay fees. Accordingly, the present notice, made only subsequent to the rendering of the services in question and when it was too late to do anything about it, was in incurable violation of the statute and barred the claim. See Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983); Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla. 3d DCA 1979); see also Florida Medical Center v. Department of Health and Rehabilitative Servs., 511 So.2d 677 (Fla. 1st DCA 1987).
Affirmed.