644 So.2d 609 (1994)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Leonard CORDES, aPPELLEE.
No. 93-3284.
District Court of Appeal of Florida, First District.
November 7, 1994.
Karel Baarslag, Agency for Health Care Admin., Tallahassee, for appellant.
R. Bruce McKibben, Jr., of Pennington & Haben, P.A., Tallahassee, for appellee.
PER CURIAM.
Leonard Cordes brought an action under section 120.69, Florida Statutes (1991), seeking to enforce a written settlement agreement he had with the Department of Health and Rehabilitative Services (the department). Cordes succeeded in obtaining a final judgment that awarded damages and attorney's fees. On appeal, the department asserts error in various evidentiary rulings, in the trial court's denial of the department's motion for directed verdict, and in the award of attorney's fees. With the exception of the attorney's fee award, we reject the department's contentions without elaboration.
Cordes included a claim for attorney's fees in his petition for enforcement of agency action. Although attorney's fees are recoverable in section 120.69 proceedings, a notice requirement is imposed upon those seeking recovery of attorney's fees from the *610 state or an agency. Thus, section 284.30, Florida Statutes (1991), provides in pertinent part:
A party to a suit in any court, to be entitled to have his attorney's fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on the Department of Insurance; and thereafter the department shall be entitled to participate with the agency in the defense of the suit and any appeal thereof with respect to such fees.
We reject Cordes' claim that this notification requirement was waived. Although the state may waive the requirement by failing to timely assert a lack of notice, see Florida Medical Center v. Department of Health and Rehabilitative Services, 511 So.2d 677 (Fla. 1st DCA 1987), the department timely raised § 284.30 in its motion to strike Cordes' claim for fees. Since Cordes failed to comply with the notice requirement, it was error for the trial court to award attorney's fees. In all other respects, the trial court's final judgment is affirmed.
AFFIRMED in part, REVERSED in part and REMANDED.
MINER, LAWRENCE and BENTON, JJ., concur.