786 So.2d 661 (2001)
Charles D. GOODMAN, Bobby and Sharon Shuler, Appellants,
v.
MARTIN COUNTY HEALTH DEPARTMENT, Franz and Cynthia Uhl, and Allen and Patricia Atkinson, Appellees.
No. 4D00-3618.
District Court of Appeal of Florida, Fourth District.
June 13, 2001.
*662 Howard K. Heims, and Virginia P. Sherlock of Littman, Sherlock & Heims, P.A., Stuart, for appellants.
Lee E. Muschott of Lee E. Muschott, P.A., Fort Pierce, for appellee Martin County Health Department.
*663 GROSS, J.
We affirm the final judgment denying attorney's fees due to appellants' failure to comply with the notice requirement of section 284.30, Florida Statutes (1999).
Appellants were the prevailing parties in an action brought against the Martin County Health Department[1] under the Environmental Protection Act of 1971, section 403.412, Florida Statutes (1999).
The amended complaint included a request for attorney's fees pursuant to section 403.412(2)(f), which entitles prevailing parties to costs and attorney's fees. The Department of Health's June, 1999, answer also sought attorney's fees under the same subsection. Other than that reference to attorney's fees, the answer set forth no reason why such fees should not be awarded to appellant. An August, 1999, pre-trial stipulation left the issue of section 403.412 fees as one to be determined at trial.
After the trial court issued its final judgment in February, 2000, appellants moved for an award of attorney's fees pursuant to section 403.412(2)(f) as the prevailing parties. The Department of Health responded with the assertion that appellants were not entitled to fees because they had never served a copy of any complaint on the Department of Insurance, as required by section 284.30, Florida Statutes (1999).[2]
The trial court denied appellants' claim for attorney's fees because of their failure to comply with section 284.30.
Appellants first argue that the Department of Health waived its right to raise non-compliance with section 284.30 as an issue, since the Department did not assert it until after final judgment had been entered.
The giving of section 284.30 notice is a condition precedent to the recovery of attorney's fees against the state. See Fla. Med. Ctr. v. Dep't of Health & Rehab. Servs., 511 So.2d 677, 678-79 (Fla. 1st DCA 1987). "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fla. R. Civ. P. 1.120(c). The plaintiff's giving of such notice shifts to the defendant under rule 1.120(c) "the burden of denying the allegations of compliance with specificity." Fla. Med. Ctr., 511 So.2d at 679 (quoting McSwain v. Dussia, 499 So.2d 868, 870 (Fla. 1st DCA 1986)). As rule 1.120(c) provides, "[a] denial of performance or occurrence [of conditions precedent] shall be made specifically and with particularity."
*664 Appellants' amended complaint did not generally allege that all conditions precedent had been satisfied. Therefore, the Department of Health was not required by the rules of civil procedure to specifically allege noncompliance with section 284.30 in its answer. It could raise the issue for the first time in response to appellants' post trial motion for attorney's fees. See Dep't of Health & Rehab. Servs. v. Cordes, 644 So.2d 609, 610 (Fla. 1st DCA 1994) (holding that the state agency "timely raised § 284.30 in its motion to strike [appellee's] claim for fees" even if raised for the first time after written settlement and judgment for attorney's fees was entered). Under these facts, the Department of Health cannot be said to have waived the requirement that appellants demonstrate compliance with section 284.30 in order to recover attorney's fees.
Appellants also attack the constitutionality of the statute. They first argue that the statute does not specify when the Department of Insurance must be notified. We agree with the third district that
[i]t is apparent from the face of the statute that service must be given at the commencement of the action, a requirement which was almost certainly imposed to permit the Department [of Insurance] to monitor and perhaps influence the proceedingby effecting a settlement or otherwisefor which it may be required to pay fees.
Heredia v. Dep't of Highway Safety & Motor Vehicles, 547 So.2d 1007, 1008 (Fla. 3d DCA 1989).
We also reject the contention that the statute is unconstitutionally discriminatory, arbitrary, and oppressive and is not designed to achieve a legitimate purpose.
A statute that is vague, arbitrary, or capricious and bears no reasonable relationship to a legitimate legislative intent is unconstitutional. See Nationwide Mut. Fire Ins. Co. v. Pinnacle Med, Inc., 753 So.2d 55, 59 (Fla.2000) (citing Lasky v. State Farm Ins. Co., 296 So.2d 9, 15 (Fla. 1974)). The stated purpose of section 284.30 is to allow the Department of Insurance "to participate with the agency in the defense of the suit and any appeal thereof with respect to such [attorneys'] fees." § 284.30, Fla. Stat. (1999). The Department of Insurance runs the statewide risk management program. Id. Facilitating the Department of Insurance's opportunity to participate in lawsuits against a state agency is a legitimate governmental purpose.
Appellants also contend that this purpose could be more easily accomplished if the statute placed the responsibility upon the sued agency to notify the Department of Insurance directly. A court should not second guess "the wisdom of the Legislature in choosing the means to be used, or even whether the means chosen will in fact accomplish the intended goals; our only concern is with the constitutionality of the means chosen." Lasky v. State Farm Ins. Co., 296 So.2d 9, 15-16 (Fla.1974).
Finally, we reject appellants' equal protection argument. Section 284.30 puts all persons suing the state on the same footing. The statute creates no classifications between persons.
Affirmed.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] The appellee Martin County Health Department is a subdivision of the State of Florida, Department of Health.
[2] Section 284.30, Florida Statutes (1999), provides:

A state self-insurance fund, designated as the "Florida Casualty Insurance Risk Management Trust Fund," is created to be set up by the Department of Insurance and administered with a program of risk management, which fund is to provide insurance, as authorized by s. 284.33, for workers' compensation, general liability, fleet automotive liability, federal civil rights actions under 42 U.S.C. s. 1983 or similar federal statutes, and court-awarded attorney's fees in other proceedings against the state except for such awards in eminent domain or for inverse condemnation or for awards by the Public Employees Relations Commission. A party to a suit in any court, to be entitled to have his or her attorney's fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on the Department of Insurance; and thereafter the department shall be entitled to participate with the agency in the defense of the suit and any appeal thereof with respect to such fees.
Italics supplied.