922 So.2d 1056 (2006)
Gregory W. JOHNSON, Appellant,
v.
William H. HARRELL, Renee Harrell, Donald F. Black, and Harrell & Johnson, P.A., a Florida Corporation, Appellee.
No. 1D05-1823.
District Court of Appeal of Florida, First District.
March 10, 2006.
*1057 James A. Bledsoe, Jr., Esq., Jacksonville, for Appellant.
John A. DeVault, III, Esq., Courtney K. Grimm, Esq., and Patrick P. Coll, Esq., of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellee.
HAWKES, J.
Gregory Johnson appeals from the trial court's order, which held Johnson waived his right to arbitration. We affirm.
Johnson and Appellees, William Harrell, Renee Harrell, and Donald Black are attorneys and partners, who have been engaged in the practice of law in the firm of Harrell and Johnson, P.A. The parties entered into a Shareholder Agreement, which set forth the procedure for the involuntary removal "for cause" of either Johnson or William Harrell, and provided any dispute regarding such removal be submitted for binding arbitration in accordance with the rules of the American Arbitration Association (AAA).
Subsequently, Appellees invoked the termination "for cause" provision, and Johnson demanded the matter be arbitrated. Appellees advised Johnson that it was his obligation to submit the matter for binding arbitration.
Instead of submitting the matter for arbitration, Johnson filed a three count complaint in circuit court. Count I sought declaratory relief and prayed the court: (a) declare Johnson's expulsion from his employment and shareholding status with Harrell & Johnson, P.A., was invalid; (b) declare Johnson's rights and status under the Shareholder Agreement; (c) declare Johnson's status as an employee and shareholder of Harrell & Johnson, P.A.; (d) grant other supplemental relief as may be appropriate, and (e) award Johnson the costs of the action.
Count II sought specific performance of the Shareholder Agreement including an order compelling arbitration. Count III sought injunctive relief: (a) prohibiting Appellees from treating Johnson as terminated; (b) requiring Appellees to restore Johnson to his entitled shareholding status; (c) requiring Appellees to restore Johnson to his employment status; (d) requiring Appellees to accord Johnson his full shareholding rights and employment benefits; and (e) requiring Appellees to continue utilizing the name of Harrell & Johnson, P.A., for the corporate conduct of its professional activities.
Approximately two weeks after filing his Complaint, Johnson filed a motion to compel arbitration, and a request for production, seeking production of documents essential or useful in preparing to try Count I for declaratory relief. In the motion for production, Johnson also sought the financial records of Harrell & Johnson, P.A. through March 31, 2005, three and one-half months after he was terminated.
Neither party ever filed a petition with the AAA, although either party had that right under the Shareholder Agreement. Following a hearing on Johnson's motion to compel arbitration, the trial court found Johnson's Complaint sought more than just arbitration and maintenance of the status quo. It sought to litigate the issues the parties had agreed to arbitrate. The trial court found Johnson's Complaint was inconsistent with the right to arbitrate, and concluded Johnson waived his right to submit the dispute to arbitration. We agree.
Whether waiver has occurred is generally a question of fact, reviewed for *1058 competent, substantial evidence. See e.g., Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136 (Fla. 1st DCA 1999). "Waiver" has been defined as "the voluntary and intentional relinquishment of a known right, or conduct which implies the voluntary and intentional relinquishment of a known right." Raymond James Fin. Serv., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). Whether waiver has occurred in the arbitration agreement context is analyzed the same way as in any other contractual context. See id. The question is whether, under the totality of the circumstances, the defaulting party acted inconsistently with the right to arbitrate. See id.
It is well-settled that a party who actively participates in a lawsuit waives the right to arbitrate, because it is generally presumed to be inconsistent with the intent to arbitrate. See Hill, 745 So.2d at 1138; Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 824 So.2d 288, 290 (Fla. 4th DCA 2002); Beverly Hills Develop. Corp. v. George Wimpey of Fla., 661 So.2d 969 (Fla. 5th DCA 1995) (initiating lawsuit, without first seeking arbitration, constitutes an affirmative selection of a course of action which runs counter to the purpose of arbitration); Ojus Indus., Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969) (noting where plaintiff files suit for determination of the controversy in disregard of his right to arbitrate, he waives the right to compel arbitration).
Here, before Johnson filed his Complaint in circuit court, he knew he had the right to arbitrate the dispute. However, he initiated a lawsuit that sought more than arbitration and maintenance of the status quo. He asked the court to resolve the issues to be raised and to grant the relief that would be sought in the arbitration proceedings, and requested production of documents that were relevant to resolving the issues raised in the Complaint. These facts provide competent, substantial evidence to support the trial court's finding that Johnson waived his right to arbitrate by taking actions inconsistent with his right to arbitrate. The trial court is AFFIRMED.
VAN NORTWICK, and THOMAS, JJ., concur.