973 So.2d 518 (2007)
Emily HALE, Appellant/Cross-Appellee,
v.
DEPARTMENT OF REVENUE, Appellee/Cross-Appellant.
No. 1D07-0193.
District Court of Appeal of Florida, First District.
December 20, 2007.
Rehearing Denied January 31, 2008.
*519 H. Guy Green, Marianna, for Appellant/Cross-Appellee.
Bill McCollum, Attorney General, and John Mika, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.
*520 VAN NORTWICK, J.
Emily Hale appeals a final judgment and order striking her claim for attorney's fees and the Department of Revenue (DOR) cross-appeals the denial of its postjudgment motions. We agree with the trial court that Hale failed to satisfy a condition precedent to her claim for entitlement to attorney's fees by failing to perfect service on the Department of Insurance with a summons and a copy of her complaint at the commencement of this action pursuant to section 284.30, Florida Statutes (1997).[1] Thus, we affirm the trial court's order granting DOR's motion to strike Hale's demand for attorney's fees. We affirm without further discussion the issues raised in DOR's cross-appeal.
Emily Hale and her former husband, now deceased, owned and operated Edgewood Apartments in Cyprus, Florida. The Hales rented their units on a month-to-month basis using a written lease. It is undisputed that they did not collect sales tax from their tenants. On August 18, 1997, DOR requested the Hales to provide certain records regarding their business. The Hales refused to provide the requested records and, in 1998, filed a complaint seeking declaratory and injunctive relief against DOR alleging, among other things, that their tenants were not subject to transient sales tax because the units were used exclusively as dwelling units and that they were not subject to audit. The complaint sought attorney's fees, but did not allege that all conditions precedent had been met before filing suit. DOR answered, asserting that it possessed a statutory right to audit and, in particular, denied that the Hales were entitled to attorney's fees.
The parties each filed motions for summary judgment. The trial court denied the motion filed by the Hales and granted the motion filed by DOR. The court agreed with DOR that the applicable exemption from tax was contained in section 212.03(4), Florida Statutes (1997),[2] and required leases in excess of six months, and that the Hales' reliance upon the last sentence of section 212.03(7)(a), Florida Statutes (1997),[3] was misplaced as it did not *521 support a claim of exemption. The Hales appealed. This court reversed and remanded, Hale v. Department of Revenue, 808 So.2d 237 (Fla. 1st DCA 2002), holding that section 212.03(7)(a) provided a separate exemption from tax where the apartments constitute the "permanent or principal place of residence" of the tenants and that it was not necessary to have leases in excess of six months as required by section 212.03(4) to be entitled to the exemption provided by section 212.03(7)(a).
On remand, discovery and motion practice resumed. The Hales filed their first motion for attorney's fees on September 10, 2002. They filed a second motion for attorney's fees on April 8, 2004, alleging entitlement to fees pursuant to sections 213.015(13) and (14),[4] granting certain taxpayer rights. DOR responded and, among other arguments, asserted that the Hales had failed to comply with section 284.30, because they had not perfected service on the Department of Insurance with a summons and a copy of the complaint at the commencement of the action, and, thus, were barred from seeking attorney's fees under either section 57.105 or 57.111, Florida Statutes. At the same time, DOR filed a motion to strike the demand for attorney's fees based upon section 284.30. The trial court expressly deferred ruling on the motion for attorney's fees, finding that the motion was premature. On October 25, 2004, DOR issued its notice of non-assessment, finding "that no sales and use tax is due from Plaintiffs Sam 0. Hale and his wife Emily Hale, for audit # XXXXXXXXXX, audit period 07/01/92 through 06/30/97." Thereafter, the trial court entered its order granting DOR's motion to strike the demand for attorney's fees.
In its order, the trial court set forth a chronology of the litigation and addressed the argument of DOR that its motion to strike was timely filed, see Goodman v. Martin County Health Department, 786 So.2d 661 (Fla. 4th DCA 2001), Department of Health and Rehabilitative Services v. Cordes, 644 So.2d 609 (Fla. 1st DCA 1994), and Heredia v. Department of Highway Safety and Motor Vehicles, 547 So.2d 1007 (Fla. 3d DCA 1989), and the Hales' competing argument that DOR had waived the requirements of section 284.30 by failing to timely assert lack of notice. See Florida Medical Center. v. Department of Health and Rehabilitative Services, 511 So.2d 677 (Fla. 1st DCA 1987). The trial court agreed with DOR that the Hales failed to satisfy the condition precedent *522 to their claim for fees by failing to serve the Department of Insurance with a copy of their complaint at the commencement of the action as required by section 284.30 and that DOR had timely filed its motion to strike.
Florida Rule of Civil Procedure 1.120(c) provides:
Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
As this court recognized in Florida Medical Center v. Department of Health and Rehabilitative Services, 511 So.2d at 678-79, giving the notice required by section 284.30 is a condition precedent to the recovery of attorney's fees against the state. While rule 1.120(c) states that it is only necessary to allege in the complaint that conditions precedent have been performed, when a statutory notice is the condition precedent, the complaint should specifically allege that the notice was given. See, generally, Philip J. Padovano, Florida Civil Practice § 7.6 (2007 ed.).
The Hales' complaint contains neither a general allegation that conditions precedent were satisfied nor a specific allegation that the condition precedent of notice required by section 284.30 was satisfied. The Hales' failure to comply with rule 1.120(c) removed from DOR "the burden of denying the allegations of compliance with specificity." Florida Med. Ctr. v. Dep't of Health and Rehabilitative Servs., 511 So.2d at 679 (quoting McSwain v. Dussia, 499 So.2d 868, 870 (Fla. 1st DCA 1986)). Thus, DOR was not required to specifically allege noncompliance with section 284.30 in its answer. Goodman, 786 So.2d at 664. In Goodman, when the Martin County Health Department controverted Goodman's entitlement to an award of fees post-final judgment, under similar facts, the Fourth District Court of Appeal explained:
[The Department] could raise the issue for the first time in response to appellants' post trial motion for attorney's fees. See Dep't of Health & Rehab. Servs. v. Cordes, 644 So.2d 609, 610 (Fla. 1st DCA 1994)(holding that the state agency "timely raised § 284.30 in its motion to strike [appellee's] claim for fees" even if raised for the first time after written settlement and judgment for attorney's fees was entered). Under these facts, the Department of Health cannot be said to have waived the requirement that appellants demonstrate compliance with section 284.30 in order to recover attorney's fees.
Although Florida Medical Center v. Department of Health and Rehabilitative Services, 511 So.2d at 678, recognizes that the notice requirements of section 284.30 may be waived, as in Goodman, the facts in this case do not demonstrate waiver. "Waiver" is the "intentional relinquishment or abandonment of a known right or privilege, or conduct that warrants an inference of the intentional relinquishment of a known right." Destin Savings Bank v. Summerhouse of FWB, Inc., 579 Sold 232, 235 (Fla. 1st DCA 1991). "The crux of the waiver doctrine rests upon conduct demonstrating an intent to relinquish a known right." Ferry-Morse Seed Co. v. Hitchcock, 426 So.2d 958, 962 (Fla.1983). If a party relies upon the other party's conduct to imply a waiver, "the conduct relied upon to do so must make out a clear case of waiver. Waiver does not arise merely from forbearance for a reasonable time." Costello v. The Curtis Building Partnership, 864 So.2d 1241, 1244 (Fla. *523 5th DCA 2004). "Mere delay is insufficient to support a defense of waiver or estoppel." Goodwin v. Blu Murray Ins. Agency, Inc., 939 So.2d 1098, 1104 (Fla. 5th DCA 2006), citing Air Prods. & Chem., Inc. v. Louisiana Land & Exploration Co., 867 F.2d 1376, 1380 (11th. Cir.1989)(applying Florida law and holding no clear waiver shown after 5-year delay).
"Whether waiver has occurred is generally a question of fact, reviewed for competent, substantial evidence." Johnson v. Harrell, 922 So.2d 1056, 1057-58 (Fla. 1st DCA 2006). In this case, the trial judge thoroughly analyzed the circumstances of this litigation and determined, as the fact finder, that waiver was not present here. Our review of the record shows that competent substantial evidence supports this determination of the trial court. Accordingly, we affirm the order under review.
AFFIRMED.
LEWIS and THOMAS, JJ., concur.
NOTES
[1] Section 284.30, Florida Statutes (1997) provides:

A state self-insurance fund, designated as the "Florida Casualty Insurance Risk Management "Trust Fund," is created to be set up by the Department of Insurance and administered with a program of risk management, which fund is to provide insurance, as authorized by s. 284.33, for workers' compensation, general liability, fleet automotive liability, federal civil rights actions under 42 U.S.C. s.1983 or similar federal statutes, and court-awarded attorney's fees in other proceedings against the state except for such awards in eminent domain or for inverse condemnation or for awards by the Public Employees Relations Commission. A party to a suit in any court, to be entitled to have his or her attorney's fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on the Department of Insurance; and thereafter the department shall be entitled to participate with the agency in the defense of the suit and any appeal thereof with respect to such fees.
[2] Section 212.03(4), Florida Statutes (1997), provides in pertinent part:

The tax levied by this section shall not apply to, be imposed upon, or collected from any person who shall have entered into a bona fide written lease for longer than 6 months in duration for continuous residence at any one hotel, apartment house, roominghouse, tourist or trailer camp, or condominium, or to any person who shall reside continuously longer than 6 months at any one hotel, apartment house, roominghouse, tourist or trailer camp, or condominium and shall have paid the tax levied by this section for 6 months of residence in any one hotel, roominghouse, apartment house, tourist or trailer camp, or condominium. . . .
[3] Section 212.03(7)(a), Florida Statutes (1997), provides:

Full-time students enrolled in an institution offering postsecondary education and military personnel currently on active duty who reside in the facilities described in subsection (1) shall be exempt from the taxed imposed by this section. The department shall be empowered to determine what shall be deemed acceptable proof of full-time enrollment. The exemption contained in this subsection shall apply irrespective of any other provisions of this section. The tax levied by this section shall not apply to or be imposed upon or collected on the basis of rentals to any person who resides in any building or group of buildings intended primarily for lease or rent to persons as their permanent or principal place of residence.
[4] Sections 213.015(13) and (14), Florida Statutes (1997) provide:

(13) The right to an action at law within the limitations of s. 768.28, relating to sovereign immunity, to recover damages against the state or Department of Revenue for injury caused by the wrongful or negligent act or omission of a department officer or employee (see s. 768.28).
(14) The right of the taxpayer or the department, as the prevailing party in a judicial or administrative action brought or maintained without the support of justiciable issues of fact or law, to recover all costs of the administrative or judicial action, including reasonable attorney's fees, and of the department and taxpayer to settle such claims through negotiations. (see ss. 57.105 and 57.111).