WALLIS, J.
N.S., mother of J.S., a child, appeals the lower court’s denial of N.S.’s motion for attorney’s fees as sanctions, pursuant to section 57.105, Florida Statutes (2012), against the Department of Children and Families (“DCF”). The lower court held that section 284.30, Florida Statutes (2012), required N.S. to provide notice to the Department of Financial Services (“DFS”) as a condition precedent to recover attorney’s fees. For the reasons that follow, we reverse the lower court’s order and remand for further proceedings.
This case arose after DCF sheltered J.S. on June 1, 2011, removing him from N.S.’s care. Subsequently, DCF filed a Petition for Dependency on June 15 and an Amended Petition on October 20. On October 24, N.S. filed a notice of intent to seek fees and costs under section 57.105 with copies furnished only to DCF.
On November 15, N.S. filed a motion for attorney’s fees as sanctions pursuant to section 57.105 in which she alleged that the amended petition was not supported by competent evidence. N.S. further alleged that DCF was aware of the lack of competent evidence from the outset of the dependency petition and that DCF employed stalling tactics to prohibit the return of J.S. to her care. N.S. never served a copy of the motion on DFS.
In December 2011, the lower court entered an order withholding adjudication and requiring a psychological evaluation of N.S., which she appealed to this Court. In that appeal, DCF filed an Amended Error Concession with this Court, conceding that the record on appeal did not support the lower court’s order withholding adjudication or the requirement of a psychological *560 evaluation. As a result, this Court vacated the December 2011 order.
On June 6, 2012, N.S. renewed her motion for attorney’s fees and alleged DCF failed to comply with the lower court’s order by failing to proffer the evidence for the hearing on attorney’s fees. On June 13, DCF filed — but withdrew six days later — a motion to dismiss N.S.’s motion for attorney’s fees. DCF did not argue or allege N.S.’s noncompliance with section 284.30’s notice requirement in its motion. In fact, DCF alleged it prevailed in the dependency proceeding and failed to indicate that the order was vacated.
By July 2012, the Attorney General’s Office (“AGO”) represented DCF. On behalf of DCF, the AGO filed a motion to strike N.S.’s motion for attorney’s fees, arguing for the first time — eight months after the motion for fees — that section 284.30 required N.S. provide notice to DFS. The lower court agreed and entered an order holding that notice to DFS was required. This appeal followed.
The Legislature created a Risk Management Trust Fund to self-insure the state’s agencies and employees in a variety of actions including workers’ compensation, general liability, fleet automotive liability, federal civil rights, and court-awarded attorney’s fees in other proceedings against the state. § 284.30, Fla. Stat.; Gallagher v. Dupont, 918 So.2d 342, 350 (Fla. 5th DCA 2005) (noting that the “Florida Legislature created the Fund as a self-insurance fund to provide liability insurance to governmental agencies and employees in civil rights cases” (citing § 284.30, Fla. Stat.)). Section 284.30 provides that when a party seeks attorney’s fees from a state agency, the party is required to serve notice with a copy of the pleading claiming the fees on DFS.
On appeal, N.S. argues that a parent in a dependency proceeding does not fall within the plain language of the statute, which provides as follows:
A state self-insurance fund, designated as the “State Risk Management Trust Fund,” is created to be set up by the Department of Financial Services and administered with a program of risk management, which fund is to provide insurance, as authorized by s. 284.33, for workers’ compensation, general liability, fleet automotive liability, federal civil rights actions under 42 U.S.C. s.1983 or similar federal statutes, and court-awarded attorney’s fees in other proceedings against the state except for such awards in eminent domain or for inverse condemnation or for awards by the Public Employees Relations Commission. A party to a suit in any court, to be entitled to have his or her attorney’s fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on the Department of Financial Services; and thereafter the department shall be entitled to participate with the agency in the defense of the suit and any appeal thereof with respect to such fees.
§ 284.30, Fla. Stat. N.S. also argues that: (1) a hearing on a motion for attorney’s fees as sanctions is not the type of proceeding against the state contemplated by the statute; (2) the Legislature did not intend a parent in a dependency proceeding to be a “party” under the statute because the parent did not initiate the suit— DCF initiated by filing a petition; and (3) providing notice to DFS at the outset of the action is not possible where sanctiona-ble conduct has yet to occur. Because we hold that the plain language of the statute supports N.S.’s position, we do not address the entirety of her arguments.
Courts in our state have held that section 284.30 requires notice to DFS as a *561 condition precedent when the claim for fees is made pursuant to other statutes. Hale v. Dep’t of Rev., 973 So.2d 518, 521-22 (Fla. 1st DCA 2007) (holding that section 284.30’s notice requirement is a condition precedent for fees in action by taxpayer against DOR pursuant to section 213.015); Dep’t of HRS v. Cordes, 644 So.2d 609, 610 (Fla. 1st DCA 1994) (holding that the notice requirement is a condition precedent for attorney’s fees from section 120.69 proceedings in action by plaintiff against state); Fla. Med. Ctr. v. Dep’t of HRS, 511 So.2d 677 (Fla. 1st DCA 1987) (recognizing that the notice required by section 284.30 is a condition precedent to the recovery of attorney’s fees pursuant to section 120.57(l)(b) in hospital’s suit against the state). However, courts have not addressed whether section 284.30 requires notice to DFS for a claim for fees pursuant to section 57.105 made by motion in a proceeding initiated by the state-not against the state. Therefore, the question in the present case is an issue of first impression.
When analyzing a statute, our ultimate goal is to give effect to legislative intent. G.E.L. Corp. v. Dep’t of Envtl. Prot., 875 So.2d 1257, 1260 (Fla. 5th DCA 2004) (citing BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287 (Fla.2003)). If the language is clear and unambiguous, we construe the statutory provisions according to their plain meaning. Id. Thus, “when the text is unambiguous, our inquiry is at an end.” E.A.R. v. State, 4 So.3d 614, 629 (Fla.2009) (citing Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006)).
Of the type of claims enumerated in section 284.30 for which the Legislature created the Risk Management Trust Fund, the present case could only implicate “court-awarded attorney’s fees in other proceedings against the state.” § 284.30, Fla. Stat. The present case is not a “proceeding);] against the state,” but rather one by the state and, no “pleading” was filed by N.S. seeking fees. It is well-settled that “[a] motion is not a pleading.” Sardon Found. v. New Horizons Serv. Dogs, Inc., 852 So.2d 416, 421 (Fla. 5th DCA 2003) (citing Green v. Sun Harbor Homeowners’ Ass’n, 730 So.2d 1261 (Fla. 1998); Heartland Fertilizer Co. v. Carpenter, 827 So.2d 1103 (Fla. 2d DCA 2002)); see also Fla. R. Civ. P. 1.100(a) (distin guishing the documents that constitute pleadings and noting that “[n]o other pleadings shall be allowed”). In the present case, we do not need to go any further than the language of the notice requirement to determine that the types of proceedings requiring notice are those for which a pleading must be filed.[1]
Accordingly, we hold that section 284.30’s notice requirement — a party seeking attorney’s fees must serve a copy of the pleading on DFS — does not apply to a motion for fees under section 57.105.[2] The *562 lower court’s order denying N.S.’s motion for fees is reversed and remanded for further proceedings.
REVERSED and REMANDED.
ORFINGER and COHEN, JJ., concur.

. We agree with the Third District Court of Appeal's interpretation of the rationale behind section 284.30 that "service must be given at the commencement of the action, a requirement which was almost certainly imposed to permit the Department to monitor and perhaps influence the proceedings-by effecting a settlement or otherwise-for which it may be required to pay fees.” Heredia v. Dep’t of High. Saf. & Motor Veh., 547 So.2d 1007, 1008 (Fla. 3d DCA 1989). However, the rationale behind the legislation is not thwarted by our holding here. Indeed, DCF provides notice to DFS in situations — like the present case — where section 284.30 does not apply. See § 284.385, Fla. Stat. (2012) ("All departments covered by the State Risk Management Trust Fund under this part shall immediately report all known or potential claims to the Department of Financial Services for handling. ...”).

. Because we do not reach the issue, our holding does not address whether a party who has requested fees pursuant to section 57.105 *562 in a responsive pleading must provide notice to DFS.