IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA, DEPARTMENT OF ECONOMIC OPPORTUNITY,

      Appellant,

v.

CONSUMER RIGHTS, LLC,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0383

_____/

Opinion filed December 18, 2015.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Daniel E. Nordby of Shutts & Bowen LLP, Tallahassee; Robert Sechen, General Counsel; Christina Arzillo Shideler and Aaron C. Dunlap, Assistant General Counsels, Tallahassee, for Appellant.

Robert Earl Case, Jr., Lake City, for Appellee.

ROBERTS, C.J.,

The Appellant, the Department of Economic Opportunity, appeals the trial court's award of attorney's fees pursuant to section 119.12, Florida Statutes, of the

Public Records Act (the Act) to the Appellee, Consumer Rights, LLC (CR).[1]  We

agree with the Appellant that the trial court erred in awarding these fees.

On April 8, 2013, CR's attorney, Robert Case, sent a public records request

to an employee of the Appellant.  When the Appellant failed to respond to the

request, CR filed a complaint for enforcement of the Act against the Appellant.  The

Appellant then produced the records requested.  Approximately 10 months after the

filing of the complaint, CR e-served a copy of the complaint on the Department of

Financial Services pursuant to section 284.30, Florida Statutes.  After reviewing

cross motions for summary judgment, the trial court determined that the Appellant

had unjustifiably delayed in producing the records, which violated the Act, and as

such, CR was entitled to reasonable attorney's fees.[2]

The Appellant argues that CR was not entitled to reasonable attorney's fees

---

[1] The Appellant also appealed the trial court's order granting CR's motion for summary judgment and denying in part the Appellant's motion for summary judgment.  Because the attorney's fees issue is the only issue of merit on appeal, we decline to address the Appellant's other arguments.  For similar reasons, we decline to address CR's arguments on cross-appeal.

[2]  Section 119.12 provides:

> If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.

§ 119.12, Fla. Stat. (2014).

because it failed to comply with the condition precedent required by section 284.30, Florida Statutes (2014). CR counterargues that this statute is inapplicable to a public records request. Because the issue is one of statutory interpretation, it is a purely legal question subject to *de novo* review. <u>Maggio v. Fla. Dep't of Labor & Emp't Sec.</u>, 899 So. 2d 1074, 1076 (Fla. 2005); <u>Aramark Unif. & Career Apparel, Inc. v. Easton</u>, 894 So. 2d 20, 23 (Fla. 2004); <u>see</u> <u>also</u> <u>Germ v. St. Luke's Hosp. Ass'n</u>, 993 So. 2d 576, 578 (Fla. 1st DCA 2008).

When interpreting a statute, courts look first to the statute's plain language, and if the language is clear and unambiguous, courts should rely on those words without involving rules of construction or speculating as to the Legislature's intent. <u>Id.</u> (citing to <u>Joshua v. City of Gainesville</u>, 768 So. 2d 432 (Fla. 2000); <u>Borden v. East–European Ins. Co.</u>, 921 So. 2d 587, 595 (Fla. 2006)). Section 284.30 provides:

> A state self-insurance fund, designated as the "State Risk Management Trust Fund," is created to be set up by the Department of Financial Services and administered with a program of risk management, which fund is to provide insurance, as authorized by s. 284.33, for workers' compensation, general liability, fleet automotive liability, federal civil rights actions under 42 U.S.C. s. 1983 or similar federal statutes, and court-awarded attorney's fees in other proceedings against the state except for such awards in eminent domain or for inverse condemnation or for awards by the Public Employees Relations Commission. A party to a suit in any court, to be entitled to have his or her attorney's fees paid by the state or any of its agencies, must serve a copy of the pleading claiming the fees on the Department of Financial Services; and thereafter the department shall be entitled to participate with the agency

3

in the defense of the suit and any appeal thereof with respect to such fees.

§ 284.30, Fla. Stat. (2014).

CR's argument that this statute is inapplicable to suits brought under the Act is belied by the plain language of the statute. The statute explicitly excludes eminent domain, inverse condemnation, or Public Employees Relations Commission suits from this statute's requirements. If the Legislature sought to exclude public records cases from these requirements, it would have listed it with the other exclusions. As such, the plain language of the statute shows that the Legislature intended to include public records cases within its purview. The trial court's decision to carve out a public policy exception for public records cases was in error.

CR also argues that even if section 284.30 applies to the Act, it is not a condition precedent. However, this Court has found that "giving the notice required by section 284.30 is a condition precedent to the recovery of attorney's fees against the state." Hale v. Dep't of Revenue, 973 So. 2d 518, 522 (Fla. 1st DCA 2007) (citing to Fla. Med. Ctr. v. Dep't of Health & Rehab. Servs., 511 So. 2d 677, 678-79 (Fla. 1st DCA 1987)). As such, because the notice requirement of section 284.30 is a condition precedent that CR failed to satisfy, we reverse the award of attorney's fees.

In addition, the Appellant alleged that CR's attorney, Case, was filing public records requests with state employees in hopes that the employees would fail to

timely answer. This scheme was designed to generate fees for Case rather than to make lawful public records requests. While there was some evidence supporting this allegation in Case's deposition, including his statements that he was entirely responsible for the creation and operation of CR, we decline to rule on this allegation because our holding on section 284.30 is dispositive. See Consumer Rights, LLC v. Union Cty., 159 So. 3d 882, 885 (Fla. 1st DCA 2015).

REVERSED.

BENTON and KELSEY, JJ., CONCUR.