DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONAL CLAIMS FUNDING COMPANY, LLC,** a/a/o
**STELLA RESTORATION, LLC,** a/a/o **MINOUDE JEAN LOUIS,**
Appellant,

v.

**SECURITY FIRST INSURANCE COMPANY,**
a Florida corporation,
Appellee.

No. 4D21-2331

[August 31, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank Castor, Judge; L.T. Case No. 502020CC007812XXXXMB.

Robin F. Hazel of Hazel Law, P.A., Hollywood, for appellant.

Angela C. Flowers of Kubicki Draper, Ocala, for appellee.

GROSS, J.

This case involves an assignment of insurance benefits subject to the requirements of section 627.7152, Florida Statutes (2020). The trial court dismissed the second amended complaint with prejudice, concluding that an assignee of benefits failed to timely provide a copy of the assignment agreement to the insurance company.

We reverse because dismissal on this ground was not appropriate at this early stage of the lawsuit.

In 2017, the insured sustained water damage to his home from Hurricane Irma. At the time of the loss, the insured maintained a policy with appellee, Security First Insurance Company. In 2020, the insured entered into an agreement with Stella Restoration, LLC to shrink wrap his roof in exchange for an assignment of his benefits under the insurance policy (the "Stella assignment"). On July 29, 2020, Stella executed a secondary assignment of benefits in favor of appellant National Claims Funding Company, LLC (the "NCF assignment").

NCF filed a breach of contract action against Security. The amended complaint alleged that the insured assigned his claim to Stella, that Stella assigned its interest to NCF, and that "[w]ritten assignments of benefits were properly executed by the fully authorized parties as a memorialization of the assignment agreements." The amended complaint attached both the Stella and the NCF assignments.

Security moved to dismiss the amended complaint, arguing that NCF failed to timely provide a copy of the NCF assignment and that the assignment failed to contain information required by section 627.7152. The trial court granted Security's motion.

NCF filed a second amended complaint, which alleged in relevant part:

13. Stella Restoration, LLC had a right and standing to assign its interest to PLAINTIFF so that the Invoice would be paid to PLAINTIFF.

14. Written assignments of benefits were properly executed by the fully authorized parties as a memorialization of the assignment agreements. *See Composite Exhibit "A."*

15. The assignment of benefits, invoice for payment, and other supporting documents were properly provided to DEFENDANT within 3 business days. *See Exhibit "C."*

* * *

18. PLAINTIFF, directly or through Assignor, has submitted reasonably priced invoice(s) for the services rendered to the Insured and has not received full payment for same by DEFENDANT.

19. Prior to the filing of this Complaint, PLAINTIFF or Assignor placed DEFENDANT on notice of the assignment of benefits Assignor received from the Insured and the amount owed under said assignment.

* * *

21. All conditions precedent and post-loss obligations to obtaining payment of said benefits under the POLICY have been complied with, met, or waived.

2

In addition to attaching the exhibits from the prior complaints, NCF attached emails from Stella and NCF to Security to show that the assignments were properly sent to Security. NCF's attached exhibits reflected that: (1) the Stella assignment was executed on July 17, 2020; (2) the NCF assignment was executed on July 29, 2020; (3) Stella generated an invoice for the shrink wrap on July 28, 2020; (4) Stella prepared an estimate that referenced a "date entered" and "date assigned" of July 9, 2020, and a "date job completed" of July 28, 2020; (5) Stella emailed Security on July 28, 2020, referencing an attached invoice and supporting documents and stating that "[t]he original estimate was sent 7/20/20"; and (6) NCF emailed Security on July 29, 2020, referencing certain attachments pertaining to the claim.

Security again moved to dismiss. The trial court granted the motion because the Stella assignment was not provided to Security within three business days after the date on which the assignment was executed or the date on which work began.

### *Legal Discussion*

"When considering a motion to dismiss, the trial court must look only to the four corners of the complaint, including the attachments incorporated in it, and the allegations contained therein should be taken as true without regard to the pleader's ability to prove the same." *K.W. Brown & Co. v. McCutchen*, 819 So. 2d 977, 979 (Fla. 4th DCA 2002). "It is not for the court to speculate whether the allegations are true or whether the pleader has the ability to prove them." *Sobi v. Fairfield Resorts, Inc.*, 846 So. 2d 1204, 1206 (Fla. 5th DCA 2003) (quoting *Fox v. Pro. Wrecker Operators of Fla., Inc.*, 801 So. 2d 175, 178 (Fla. 5th DCA 2001)). "Thus, '[t]he question for the trial court to decide is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested.'" *Id.*

### *Section 627.7152, Florida Statutes (2020)*

In 2019, the Florida legislature enacted section 627.7152, Florida Statutes, "to regulate assignment agreements that seek to transfer insurance benefits from the policyholder to a third party." *Total Care Restoration, LLC v. Citizens Prop. Ins. Corp.*, 337 So. 3d 74, 75–76 (Fla. 4th DCA 2022). The statute applies to assignment agreements "executed on or after July 1, 2019," and therefore governs the assignments at issue in this case. § 627.7152(13), Fla. Stat. (2020). Relevant to this appeal, subsection 627.7152(2)(a) provides:

An assignment agreement must:

* * *

3.  Contain a provision requiring the assignee to provide a copy of the executed assignment agreement to the insurer within 3 business days after the date on which the assignment agreement is executed or the date on which work begins, whichever is earlier. . . .

4.  Contain a written, itemized, per-unit cost estimate of the services to be performed by the assignee.

§ 627.7152(2)(a), Fla. Stat. (2020). "An assignment agreement that does not comply with this subsection is invalid and unenforceable." § 627.7152(2)(d), Fla. Stat. (2020).

Subsections (2)(a) and (2)(d) of the statute must be read in conjunction with section 627.7152(3), which provides that when an assignee fails to timely deliver an assignment agreement to the insurer pursuant to the statute, the burden is on the assignee to demonstrate that the insurer was not prejudiced:

In a claim arising under an assignment agreement, an assignee has the burden to demonstrate that the insurer is not prejudiced by the assignee's failure to:

* * *

(d) Deliver a copy of the executed assignment agreement to the insurer within 3 business days after executing the assignment agreement or work has begun, whichever is earlier.

§ 627.7152(3), Fla. Stat. (2020).

When an insurer contends that an assignee failed to comply with the three-day notice provisions of section 627.7152, the statute makes prejudice to the insurer a necessary component of the dismissal equation and places the burden of proof on the party that failed to comply with the statute. To dismiss a case on this basis without regard to prejudice would be to render the language of subsection (3) superfluous. The Florida Supreme Court has "stated that words in a statute are not to be construed

4

as superfluous if a reasonable construction exists that gives effect to all words." *State v. Bodden*, 877 So. 2d 680, 686 (Fla. 2004).

In lawsuits based on assignments, we have recognized an insurer's right to avoid liability by demonstrating the assignment's noncompliance with section 627.7152 or another insurance statute. *See, e.g., The Kidwell Grp., LLC v. United Prop. & Cas. Ins. Co.*, 47 Fla. L. Weekly D1295 (Fla. 4th DCA June 15, 2022) (affirming dismissal of complaint with prejudice where assignment failed to comply with section 627.7152(2)(a)4.); *QBE Specialty Ins. Co. v. United Reconstruction Grp.*, 325 So. 3d 57, 61 n.1 (Fla. 4th DCA 2021) ("We reject without further comment United's arguments that QBE did not have standing to challenge the validity of the written AOB agreement . . . ."); *One Call Prop. Servs. Inc. v. Security First Ins. Co.*, 165 So. 3d 750, 755–56 (Fla. 4th DCA 2015) (reversing dismissal of complaint based on anti-assignment and loss payment provisions of the insurance policy and remanding for trial court to consider, in the first instance, insurer's other challenges to the assignment, such as whether the assignment violates the public adjuster statute or the statute governing insurable interests).

For two reasons, the trial court erred in granting the motion to dismiss on the basis that the Stella assignment was not provided to Security within three business days after the date on which the assignment was executed or the date on which work began.[1]

First, Florida Rule of Civil Procedure 1.120(c) provides that it is "sufficient to aver generally that all conditions precedent have been performed or have occurred." "The plaintiff's giving of such notice shifts to the defendant under rule 1.120(c) 'the burden of denying the allegations of compliance with specificity.'" *Goodman v. Martin Cnty. Health Dep't*, 786 So. 2d 661, 663 (Fla. 4th DCA 2001) (quoting *Fla. Med. Ctr. v. Dep't of Health & Rehab. Servs.*, 511 So. 2d 677, 679 (Fla. 1st DCA 1987)).

Section 627.7152(2)(d) makes compliance with subsection (2) a necessary condition precedent to enforcing an assignment. NCF

---

[1] We do not reach the issue of whether the assignment at issue complied with section 627.7152(2)(a)4. The trial court did not reach this issue below, as the transcript from the hearing on the motion to dismiss reflects that the trial court based the dismissal solely on the alleged failure to timely provide the assignment within three business days. "An appellate court 'should not ordinarily decide issues not ruled on by the trial court in the first instance.'" *Stark v. State Farm Fla. Ins. Co.*, 95 So. 3d 285, 289 n.4 (Fla. 4th DCA 2012) (quoting *Akers v. City of Miami Beach*, 745 So. 2d 532, 532 (Fla. 3d DCA 1999)).

adequately pleaded compliance with all conditions precedent pursuant to Rule 1.120(c). Taken in the light most favorable to NCF, the attachments to the pleading do not "negate" NCF's cause of action. *Contra Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524, 526 (Fla. 2d DCA 1990). As NCF argued below, its compliance with the three-day notice provisions was more appropriately a subject for summary judgment, and not a motion to dismiss.

The second basis for reversal is that nothing on the face of the second amended complaint shows that Security was prejudiced by NCF's failure, if any, to comply with the three-day notice requirements of the statute. A showing of prejudice is required by section 627.7152(3).

*Reversed and remanded for further proceedings consistent with this opinion.*

CIKLIN and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**